■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. UMBERTO JOSEPH DI PILLO, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 28, 1967, convicting him of burglary in the second degree and grand larceny in the first degree, upon a jury verdict, and imposing concurrent sentences. Judgment reversed as to the conviction and sentence for grand larceny in the first degree, on the law and the facts, and the count therefor in the indictment dismissed; and judgment affirmed as to the conviction and sentence for burglary in the second degree. We do not find the pretrial procedures, including the identification of defendant for the police from photographs and the conduct of a lineup at which he was identified, so suggestive as to constitute a denial of due process of law (cf. *People* v. *Brown*, 20 N Y 2d 238; *People* v. *Rivera*, 22 N Y 2d 453; *Simmons* v. *United States*, 390 U. S. 377). At least one of the witnesses had ample opportunity to observe defendant; his photograph was identified on the day of the crime; and the proof was overwhelming that a car used by the burglar had been rented from an automobile rental agency at his request. "Taken together, these circumstances leave little room for doubt that the identification of * * * [defendant] was correct, even though the identification procedure employed may have in some respects fallen short of the ideal" (*Simmons* v. *United States, supra*, pp. 385–386). While testimony that witnesses had identified photographs of defendant was inadmissible (*People* v. *Caserta*, 19 N Y 2d 18; *People* v. *Giamario*, 20 A D 2d 815, affd. 15 N Y 2d 939), the error may be disregarded under section 542 of the Code of Criminal Procedure. The testimony adduced on direct examination was struck from the record by the trial court; and the jurors were clearly instructed to disregard such testimony (cf. *People* v. *Ronzelli*, 27 A D 2d 517). Other testimony regarding identification of photographs was elicited by defendant on cross-examination; and there was no objection by defendant when any of the testimony was received (cf. *People* v. *Friedberg*, 24 A D 2d 1008). The weight of the competent evidence was amply sufficient to establish that defendant was the guilty party; and, under the circumstances presented by this record, we are of the opinion that any error with respect to the identification of photographs of defendant did not prejudice his substantial rights (cf. *People* v. *Rogers*, 21 A D 2d 720; *People* v. *White*, 25 A D 2d 554; *People* v. *Milburn*, 26 A D 2d 420, affd. 19 N Y 2d 910). We are of the opinion, however, that the conviction for grand larceny in the first degree must be reversed for failure to prove that the market value of the stolen property at the time and place of the theft exceeded $500 (cf. *People* v. *Irrizari*, 5 N Y 2d 142). The sole proof as to value was the complainant's unsupported testimony that the missing items of jewelry cost her about $2,000. That testimony was insufficient (cf. *People* v. *Harold*, 22 N Y 2d 443; *People* v. *Liquori*, 24 A D 2d 456; *People* v. *Childers*, 28 A D 2d 725). Beldock, P. J., Christ, Brennan, Rabin and Martuscello, JJ., concur.