Commonwealth *v.* Warlow, Appellant.

Submitted March 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

122

*Elaine DeMasse* and *John W. Packel,* Assistant Defenders, and *Benjamin Lerner,* Defender, for appellant.

*Pierre Blair Pié, II, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., October 28, 1975:

In the late morning of April 10, 1974, Frederick Aubel, the proprietor of a miscellaneous iron shop, was driving his car on a street adjacent to his business. He noticed that the cellar doors to his building were open, and that two men were loading steel from the basement onto a parked truck. He then proceeded to his office and called the police, who arrived shortly thereafter. Mr. Aubel took the police to the rear of 2503 Germantown Avenue, the scene of the on-going theft, where they found the appellant and Cornwell Hartley[1] putting various lengths of structural channels and three-inch or four-inch I-beams onto their truck.

Appellant and Hartley were apprehended and questioned by Officer Sumter of the Philadelphia Police Department, who asked the men why they were removing the property. They replied that a man, whom they knew by sight but not by name, told them they could take the merchandise and split the profits of its sale. Mr. Aubel

---

1. Cornwell Hartley, the co-defendant below, filed no post-trial motions and is not a party to this appeal.

stated that he had not given anyone permission to enter his building. Thereafter, appellant and Hartley were placed under arrest and told to put the items they had taken back into the building.

The co-defendants were indicted and tried in a non-jury trial for burglary,[2] theft by unlawful taking or disposition,[3] receiving stolen property[4] and criminal conspiracy.[5] On August 29, 1974, they were acquitted of burglary and convicted on all other counts. Appellant was sentenced to six to twenty-three months in prison for theft by unlawful taking or disposition and receiving stolen goods. Sentence was suspended on the criminal conspiracy conviction.

Appellant first contends that the Act of June 17, 1974, P.L. 356, No. 118, §1 (18 Pa. C.S. §3903 (b) and (c)), which amended the Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa. C.S. §3903 (b) and (c)), applied to the trial of the instant case. The act in question clarified the Crimes Code by indicating that the Commonwealth has the burden of proof of the market value of stolen goods in theft cases. We agree with this contention.

The legislature's intent to have Act 118 apply to all trials commenced on or after June 17, 1974, is evidenced by Section 2 of the Act which states, "[t]his act shall take effect immediately. Approved the 17th day of June A. D. 1974." Because this trial began in August of 1974, more than two months after the amendment took effect, we believe the Commonwealth did have the burden of

---

2. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §3502).

3. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §3921).

4. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §3925).

5. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §903).

proof in the instant case. *Cf. Commonwealth v. Santiago*, 462 Pa. 216, 340 A.2d 440 (1975) (Concurring Opinion by Mr. Justice ROBERTS).

The next issue raised in this appeal is one of first impression in the Commonwealth. Appellant contends that because the only evidence of the market value of the stolen items at the time and place of the crime was the owner's testimony that they were worth "a couple hundred dollars" (NT 19), the Commonwealth failed to meet the burden of proof required by the Act of Dec. 6, 1972, P.L. 1482, No. 334, §1, *as amended*, Act of June 17, 1974, P.L. 356, No. 118, §1 (18 Pa. C.S. §3903 (b) ).[6] That section provides:

"(b) Other grades. Theft not within subsection (a) of this section, constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of a fiduciary obligation and:

(1) the amount involved was fifty dollars ($50) but less than two hundred dollars ($200) the offense constitutes a misdemeanor of the second degree; or

---

6. Appellant erroneously assumes that he was sentenced upon a conviction of a first-degree misdemeanor, for which the maximum term of imprisonment is five years. *See* the Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §106 (b) (6)). The record of the sentencing proceeding clearly establishes that, based upon the Commonwealth's recommendation, appellant was sentenced as a second-degree misdemeanant.

As a result of appellant's improper view of the grade of his offense, he has framed his argument regarding the sufficiency of the evidence in terms of proof of a market value of *over* $200, as required by the Act of Dec. 6, 1972, P.L. 1482, No. 334, §1, *as amended*, Act of June 17, 1974, P.L. 356, No. 118, §1 (18 Pa.C.S. §3903 (b)). However, the Commonwealth had only to prove a value of between $50 and $200, as required by 18 Pa.C.S. §3903 (b) (1), for second-degree misdemeanors. The question we must resolve, therefore, is whether the Commonwealth proved a market value of between $50 and $200 by sufficient, competent evidence.

(2) the amount involved was less than fifty dollars ($50) the offense constitutes a misdemeanor of the third degree."

In determining whether the Commonwealth has met its burden under 18 Pa. C.S. §3903 (b) (1), we are guided by the language of the governing statute. The statute, Act of Dec. 6, 1972, P.L. 1482, No. 334, §1, *as amended*, Act of June 17, 1974, P.L. 356, No. 118, §1 (18 Pa. C.S. §3903 (c)), provides:

"(c) Valuation. The amount involved in a theft shall be ascertained as follows:

(1) Except as otherwise specified in this section, *value means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime.*

(2) Whether or not they have been issued or delivered, certain written instruments, not including those having a readily ascertainable market value such as some public and corporate bonds and securities, shall be evaluated as follows:

(i) the value of an instrument constituting an evidence of debt, such as a check, draft or promissory note, shall be deemed the amount due or collectible thereon or thereby, such figure ordinarily being the face amount of the indebtedness less any portion thereof which has been satisfied.

(ii) the value of any other instrument which creates, releases, discharges or otherwise affects any valuable legal right, privilege or obligation shall be deemed the greatest amount of economic loss which the owner of the instrument might reasonably suffer by virtue of the loss of the instrument.

(3) *When the value of property cannot be satisfactorily ascertained pursuant to the standards set forth in paragraphs (1) and (2) of subsection (c) its value shall be deemed to be an amount less than*

*fifty dollars ($50).* Amounts involved in thefts committed to one scheme or course of conduct, whether from the same person or several persons, may be aggregated in determining the grade of the offense." (emphasis added)

The section of the statute relevant to this case requires proof of the market value of the property, at the time and place of the crime, or the cost of replacement within a reasonable time thereafter. The question we must now resolve is whether Mr. Aubel's statement of value was sufficient proof of a market value of more than $50 but less than $200 at the time and place of theft.

"Market value" has been defined as "the price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all uses to which the property is adapted and might in reason be applied." *United States Steel Corporation v. Board of Assessment and Revision of Taxes,* 442 Pa. 463, 467, 223 A.2d 92, 94 (1966). *Cf. United States v. Nall,* 437 F.2d 1177 (5th Cir. 1971).

The owner of lost or damaged personalty traditionally has been permitted to testify to its value in civil cases. *Rohr v. Logan,* 206 Pa. Superior Ct. 232, 213 A.2d 166 (1965); *Pavloff v. Clairton,* 146 Pa. Superior Ct. 158, 22 A.2d 74 (1941). The theory which underlies these cases is that an owner, by reason of his status as owner, is deemed qualified to give estimates of the value of what he owns. The weight to be accorded his testimony is for the fact-finder. *Pavloff v. Clairton, supra. See also* 3 *Wigmore, Evidence* §716 (Chadbourne rev. 1970). We believe that the rule regarding an owner's testimony in civil cases should also be applied in criminal cases.[7]

---

7. We note that other jurisdictions which have adopted a graded theft offense system similar to Pennsylvania's permit an owner to testify to the value of stolen goods in criminal cases. *See, e.g., State v. Smith,* 209 Kan. 664, 498 P.2d 78 (1972); *Turner v.*

In the instant case, the owner was shown to be familiar with goods of the kind and quality stolen. In fact, the stolen steel was part of the inventory of his stock in trade. Moreover, the owner saw the theft take place, and was present when the police arrived. He noticed exactly what items were on the truck and watched the men as they put the goods back into his storage area. Because he was familiar with the items and their current use as structural steel, Mr. Aubel was able to estimate their market value.

Under the circumstances of this case, we believe the lower court correctly credited the owner's testimony that the property was worth "a couple hundred dollars." Because the weight to be accorded to a witness' testimony is for the fact-finder, *Commonwealth v. Porter*, 229 Pa. Superior Ct. 314, 323 A.2d 128 (1974), we will not overturn unless an abuse of discretion is shown. We can find no abuse in this case.

Judgment affirmed.

---

*State*, 486 S.W.2d 797 (1972) (Texas) ; *People v. DiPillo*, 296 N.Y.S. 2d 8 (1968) ; *Miller v. State*, 212 So.2d 388 (1968) (Florida) ; *People v. Henderson*, 238 Cal. App. 2d 566, 48 Cal. Rptr. 114 (1965).