416 A.2d 570

**COMMONWEALTH of Pennsylvania**

v.

**Willie STAFFORD, Appellant.**

Superior Court of Pennsylvania.

Argued March 20, 1979.

Filed Dec. 14, 1979.

Ronald F. O'Driscoll, Assistant Public Defender, Norristown, for appellant.

John J. Burfete, Jr., Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This is an appeal from the Court of Common Pleas of Montgomery County, Criminal Division, by the defendant-appellant, Willie Stafford, from a conviction on charges of theft of movable property under 18 P.C.S.A. 3921(a).

On July 22, 1974, police officers were called to the scene of a furniture store. They had been informed that broken glass had been observed at the store. Upon arriving on the scene the police observed broken glass on the right side of a large door, saw someone moving about inside the store and then observed the defendant carrying a portable television and a chrome stand out of the store. Defendant was arrested but failed to appear for trial and a bench warrant was issued for his arrest. On October 7, 1977, he was apprehended and was tried by a jury and convicted on February 9, 1978. On March 18, 1975, the Commonwealth had requested an extension of time in which to bring the defendant to trial. The court below ordered that he be tried within 120 days of his apprehension.

■ The defendant claims that since he was apprehended on October 7, 1977, the 120-day period which was the extension granted the Commonwealth pursuant to its petition for extension, was violated since it expired on February 4, 1978 and he was not brought to trial until February 8, 1978 when the court had ordered a conference between the Commonwealth and the defendant's attorneys to discuss the disposition of various pre-trial motions which defendant had made. However, February 4, 1978 was a Saturday and on February 6, 1978 and February 7, 1978, the Montgomery County Courthouse was closed due to a devastating snowstorm. Thus, the case went to trial on the first day the Courthouse was opened after the 120th day. Therefore, we find no violations of *Pa.Rule of Criminal Procedure No. 1100* in this case and hold that the defendant is not entitled to have the charges against him dismissed on that basis. Moreover, defendant failed to file a petition to dismiss the charges against him for a violation of Rule 1100 and therefore waived such argument. *Commonwealth v. Yancey*, 251 Pa. Super. 478, 380 A.2d 880 (1977).

■ Defendant also claims that his rights were violated because the District Attorney had refused to enter into plea bargaining with him and insisted that the defendant receive the maximum sentence. The defendant was convicted of murder in 1968 and sentenced to execution. On appeal, his conviction was reversed and a new trial granted to him. Upon retrial he was acquitted. Defendant claims that his 14th Amendment equal protection rights were violated because the District Attorney refused to plea bargain with him and claims that the unsuccessful past prosecution of defendant was the reason the District Attorney refused to plea bargain with him. Defendant claims that the court below should have conducted an evidentiary hearing to determine whether the failure to convict the defendant in his retrial on the murder charge was the reason the District Attorney refused to plea bargain with him. This argument is patently devoid of merit. The Commonwealth is never under any legal obligation to plea bargain with any defendant. Stated another way a defendant has no constitutional right to a

plea bargain arrangement. Defendant's attempt to fashion a 14th Amendment issue out of the fact that the Commonwealth refused to plea bargain with him is an attempt to create such a right. The decision as to whether to enter into plea negotiations is a function of prosecutorial discretion and we will not review such decisions unless such decisions are based upon an invidious classification such as race, religion, or national origin. See *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). No such claim is made here. The fact that defendant was faced with with the choice of going to trial when the Commonwealth had a strong case against him or pleading guilty in open court without the benefit of a plea bargain does not entitle him to any relief based upon the equal protection clause of the 14th Amendment. See *Bordenkirchner v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

■ Defendant also alleges that the court below erred when it permitted the owner of the stolen goods to testify that their value was "approximately $300.00". A proprietor's statement of the value of stolen goods is sufficient to establish the value of those goods in criminal cases and the weight to be accorded to such testimony is for the fact-finder. *Commonwealth v. Warlow*, 237 Pa.Super. 120, 346 A.2d 826 (1975). Defendant further contends that the trial judge should have instructed the jury to determine the value of the stolen goods for purposes of establishing the degree of the theft offense. However, the defendant never requested such a charge of the trial court and in fact asked that the jury be precluded from setting the value of the goods because he claimed that the value thereof had not been sufficiently established. The defendant cannot assert such a position at trial and claim error on appeal on the grounds that the trial court failed to instruct the jury to determine value. Because he failed to request such an instruction at trial he waived his right to do so and cannot raise it on appeal for the first time. *Commonwealth v. Richey*, 249 Pa.Super. 365, 378 A.2d 338 (1977).

■ Defendant's next contention is that the trial court erred when it denied his motion which sought to prevent the

introduction of his prior criminal record at his trial. During the trial, defendant testified that his presence inside the furniture store was caused by the fact that he had been pushed through the plate glass window of the store during a fight. He denied carrying out the TV and chrome stand. The Commonwealth was then permitted to introduce into the record the fact that the defendant had been convicted of burglary in 1967. Defendant claims that since the conviction had occurred 11 years prior to the trial that it should have been excluded from his trial pursuant to the standards enunciated in *Commonwealth v. Bigham*, 452 Pa. 554, 307 A.2d 255 (1973). In *Commonwealth v. Roots*, 482 Pa. 33, 393 A.2d 364 (1978), our Supreme Court had occasion to provide further guidelines for a trial court's discretion in determining whether to permit the prosecution to introduce prior convictions to impeach a witness' credibility. In that case, the court stated that:

"In making the determination as to the admissibility of a prior conviction for impeachment purposes, the trial court should consider: (1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; (2) the likelihood in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful witness; (3) the age and circumstances of the defendant; (4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and (5) the existence of alternative means of attacking the defendant's credibility."

In the instant case the defendant's prior burglary conviction, although 11 years old at the time of the trial, was only seven years removed from the date of the subsequent offense. Defendant's flight from his prosecution created the additional four year period between the two trials and

defendant should not be able to benefit from his flight. In addition, defendant had been incarcerated from 1968 until 1974. Thus, the 1967 conviction occurred the very last time that defendant was at liberty and not incarcerated in an institution. Secondly, the Commonwealth had no other means of attacking the defendant's credibility. Defendant not only testified that he was not carrying the TV set and chrome stand when the police stated that he was so engaged, but he also testified that he had a good credit rating and was a good citizen because he had been active in assisting local residents with unemployment, drug addiction and other social problems as a member of the Norristown Youth Council and other civic groups. Thus, he placed his reputation, character and consequently his propensity for veracity directly and forcefully into issue at his trial. If a defendant offers himself as a person worthy of belief, the jury has the right to know what kind of person he is in order to aid in assessing his credibility. *Commonwealth v. Butler*, 405 Pa. 36, 173 A.2d 468 (1961). A defendant may not paint a picture of himself as a paragon of virtue before a jury and then demand that the Commonwealth be forbidden from bringing that picture into clearer focus through the use of prior convictions for crimes of crimens falsi such as burglary. In this case we hold that the jury was entitled to know more about the defendant than the defendant wanted it to know and since the commission of a crimens falsi is a reflection of one's propensity for honesty and therefore veracity we agree with the determination of the court below and hold that it did not err when it permitted the Commonwealth to introduce the fact of defendant's 1967 burglary conviction against him in order to impeach his credibility.

Finally, the defendant contends that the pre-sentence report on his background was unduly prejudicial to him. He points to the fact that this report contains a mention of his 1968 murder arrest and an investigation of his school record. The report was prepared pursuant to *Pa.Rule of Crim.Pro. No. 1403* and defendant's attorney was permitted to challenge any inaccuracies in the report pursuant to *Pa.Rule of Crim.Proc. No. 1404* which he failed to do.

Defendant claims that the report held him up to ridicule because it contained a comment from his school principle that he often misused certain words. It is difficult for us to believe that any sentencing judge would permit such a comment to influence him in deciding upon a defendant's sentence. Moreover, the trial court did give his reasons for the sentence and made them part of the record of the case pursuant to the mandates of *Commonwealth v. Riggans*, 474 Pa. 115, 377 A.2d 140 (1977). The court did point out that any prejudice in the pre-sentence report was brought to the attention of the judge and was not a factor in the imposition of sentence. The Comment to *Pa.Rule of Crim.Pro.* 1404 specifically provides that the rule is not intended to encourage formal litigation over pre-sentence reports but is intended to prevent such a development by affording counsel for both sides the opportunity to point out inaccuracies in the report prior to sentencing. The defendant made no attempt to do so and cannot now complain about it.

Judgment of sentence affirmed.

CERCONE, President Judge, and HOFFMAN, J., concur in the result.