J-A29036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
DWIGHT GILLESPIE, :
:
Appellant : No. 1955 WDA 2014

Appeal from the Judgment of Sentence entered on May 27, 2014
in the Court of Common Pleas of Erie County,
Criminal Division, No. CP-25-CR-0000918-2013

BEFORE: FORD ELLIOTT, P.J.E., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED DECEMBER 10, 2015**

Dwight Gillespie ("Gillespie") appeals from the judgment of sentence imposed following his conviction of two counts of receiving stolen property.[1] We affirm Gillespie's convictions, vacate Gillespie's judgment of sentence, and remand for resentencing.

On March 13, 2014, a jury convicted Gillespie of the above crimes, which were listed as Counts 11 and 13, respectively, in the Amended Criminal Information.[2] On May 27, 2014, the sentencing court sentenced Gillespie to two concurrent terms of 48 to 120 months in prison for his convictions, to be served consecutively to a prior sentence for which

_____

[1] **See** 18 Pa.C.S.A. § 3925(a).

[2] At Count 11, Gillespie was charged with receiving jewelry and electronics that were stolen from the home of Steven Fenner ("Fenner"). At Count 13, Gillespie was charged with receiving a gun stolen from the home of Paul Hanson.

Gillespie was on parole. The sentencing court also ordered Gillespie to pay restitution in the amount of $11,313.44.[3] The sentencing court did not award any credit for the time that Gillespie had served in prison from the date of his arraignment, November 28, 2012, until the date he was sentenced.[4] On June 9, 2014, Gillespie filed a post-trial Motion, requesting modification of his sentence.[5] The trial court denied Gillespie's post-trial Motion on June 10, 2014. Gillespie did not file a direct appeal. However, Gillespie subsequently filed a Petition pursuant to the Post Conviction Relief Act,[6] seeking reinstatement of his direct appeal rights. The Commonwealth consented to Gillespie's Petition, resulting in the reinstatement of his direct

---

[3] In its Sentencing Order, the sentencing court did not state to whom the restitution amount was payable. **See** Sentencing Order, 5/27/14, at 1.

[4] The record reflects that, on November 28, 2012, upon his arraignment for the charges at issue in this appeal, Gillespie was unable to post the $50,000 bail amount imposed, and thereafter remained in prison from the time of his arraignment through trial and sentencing.

[5] In his post-trial Motion, Gillespie argued that the sentencing court had imposed a sentence in the aggravated range because Gillespie was on parole for prior convictions, and urged the court to reduce his sentence to a term within the mitigated range because (1) Gillespie would be resentenced at the prior docket; (2) Gillespie was acquitted of all counts that he participated in the burglaries at issue; and (3) Gillespie testified for the Commonwealth in a companion trial, thereby aiding in the conviction of a co-conspirator. **See** Post-Trial Motion, 6/9/14, at 2 (unnumbered). In his Motion, Gillespie also asserted, superficially, that the verdict was against the weight of the evidence, the evidence was insufficient to support the verdict, the Commonwealth failed to prove the items found in Gillespie's possession were stolen, and the jury rendered inconsistent verdicts. **See id**. at 2-3 (unnumbered).

[6] **See** 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

appeal rights, *nunc pro tunc*. Gillespie thereafter filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal.

On appeal, Gillespie raises the following questions for our review:

1. Whether [Gillespie's] sentence at Count 11 is illegal because the restitution imposed in the amount of $11,313.44 was neither proven during trial[,] nor found by the fact[-]finder to be the amount of restitution for the items found in [Gillespie's] home that had not already been returned?

2. Whether the [sentencing] court erred when it failed to impose the restitution amount at Count 11 to be paid joint [*sic*] and several [*sic*] with the co-defendants?

3. Whether [Gillespie] is serving an illegal sentence because he was denied time credit applied to his sentence?

4. Whether the grading of the offense at Count 11, receiving stolen property, was in error[,] as the amount of the theft established during trial did not support a second-degree felony grading for the offense?

5. Whether the sentencing court abused its discretion by relying on guidelines calculated with an erroneous offense gravity score[,] when the sentencing count fashioned [Gillespie's] sentence at Count 11?

Brief for Appellant at 3 (some capitalization omitted, issues renumbered for ease of disposition).

In his first claim, Gillespie contends that although the jury found him guilty of receiving property stolen from Fenner's home, the jury never determined the value of such property. *Id*. at 17. Gillespie points out Fenner's trial testimony that the stolen items found in Gillespie's possession included an Xbox 360 gaming system, an Xbox game, a laptop computer, a

television, two cameras and a portion of the jewelry stolen from the Fenner home. *Id*. Gillespie also points out the prosecutor's arguments at trial that the total valuation of Fenner's stolen property that was found in Gillespie's possession, based on Fenner's trial testimony, was approximately $2,100 to $2,200. *Id*. Gillespie claims that the restitution amount of $11,313.44 that he was ordered to pay is not supported by Fenner's testimony or the prosecutor's arguments at trial. *Id*. at 18. Gillespie argues that "a challenge to the *amount* of restitution implicates the legality of the sentence and cannot be waived." *Id*. (emphasis supplied).

Contrary to Gillespie's assertion otherwise, a claim challenging the *amount* of restitution imposed by the sentencing court presents a challenge to the discretionary aspects of sentencing. ***In the Interest of M.W.***, 725 A.2d 729, 731 n.4 (Pa. 1999) (holding that "[w]here such a challenge is directed to the trial court's authority to impose restitution, it concerns the legality of the sentence; however, where the challenge is premised upon a claim that the restitution order is excessive, it involves a discretionary aspect of sentencing.").

Although Gillespie has framed his issue as implicating the legality of the restitution Order imposed by the trial court, a review of his brief reveals that the essence of his argument is that the *amount* of restitution imposed is excessive. ***See*** Brief for Appellant at 17-18 (wherein Gillespie argues that the restitution *amount* of $11,313.44 for the stolen items is not supported

by the valuations of $2,100 to $2,200 established through Fenner's testimony and the Commonwealth's arguments).[7]   Thus, Gillespie's claim constitutes a challenge to the discretionary aspects of the sentencing court's restitution Order.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010).   Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

In the instant case, Gillespie filed a timely Notice of Appeal, and included in his appellate brief a separate Rule 2119(f) statement.  However,

---

[7] While Gillespie also argues that the sentencing court failed to take into consideration that stolen property was returned to Fenner, ***see*** Brief for Appellant at 17-18, the record reflects that some of the property stolen from the Fenner home was never returned, and certain of the items received by Gillespie were returned to the Fenners in a damaged condition, requiring their replacement.  ***See*** N.T. (Trial), 3/12/14, at 44-50 (wherein Fenner testified that only two of three stolen televisions were returned; only one of two stolen laptops was returned, and the returned laptop was inoperable; and that, although some of his wife's costume jewelry and a few pieces real jewelry had been recovered, approximately $8,600 worth of real jewelry was not recovered).

- 5 -

Gillsepie did not preserve his claims at sentencing or in a post-sentence Motion.[8] As such, he failed to comply with the requirements necessary to challenge the discretionary aspects of his sentence. *See Commonweath v. Tejada*, 107 A.3d 788, 799 (Pa. Super. 2015) (holding that, because the defendant had failed to preserve the arguments in support of his discretionary aspects of sentencing claim at his sentencing or in his post-sentence motion, they were not subject to appellate review.). Thus, Gillespie has failed to preserve this issue for our review.[9]

In Gillespie's second claim, he contends that the trial court failed to require that the restitution amount of $11,313.44 at Count 11 be paid jointly and severally with his co-defendants. Brief for Appellant at 18.

---

[8] Although Gillespie filed a post-trial Motion, he failed to raise any issue regarding the restitution amount in that Motion.

[9] Even if we were to conclude that Gillespie's challenge to the restitution amount implicated the legality of his sentence, we would have determined that such challenge lacks merit. Here, the Commonwealth presented, at sentencing, the Restitution Claim Form prepared by the Fenners, which itemized the property stolen from their home, and included documentation showing that, although they were reimbursed $6,690.91 by their homeowners insurance company, they sustained an additional $4,622.53 in unreimbursed losses as a result of the theft, resulting in a total loss of $11,313.44. While, as noted above, the sentencing court did not state in its Sentencing Order to whom the restitution amount was payable, *see* Sentencing Order, 5/27/14, at 1, presumably, the insurance company becomes the payee for the amounts that it reimbursed Fenner, and Fenner becomes the payee for his family's unreimbursed losses. *See In the Interest of Dublinski*, 695 A.2d 827, 831 (Pa. Super. 1997). However, as discussed *infra*, upon remand, this must be clarified.

Initially, "[t]he Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014); *see also* Pa.R.A.P. 2119(a) (stating that the appellant's brief "shall have ... such discussion and citation of authorities as are deemed pertinent."). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Coulter*, 94 A.3d at 1088 (citation omitted); *see also Hercules v. Jones*, 609 A.2d 837, 840 (Pa. Super. 1992) (characterizing claims unsupported by argument linking relevant authority to the facts of the case as "phantom arguments," which are waived).

We need not reach the merits of Gillespie's second issue because the argument section of his brief relating to this issue consists of general statements unsupported by any discussion or analysis of relevant legal authority. *See* Brief for Appellant at 18. Accordingly, we conclude that Gillespie's failure to develop this argument in any meaningful fashion precludes our review of this issue. *See Coulter*, 94 A.3d at 1088-89.[10]

---

[10] Even if Gillespie had properly developed this issue, we would have concluded that it lacks merit, as our review of the record discloses no co-defendants in this case. *See* Sentencing Court Opinion, 12/23/14, at 1 (wherein the sentencing court states that there were no co-defendants tried with Gillespie).

In his third issue, Gillespie asserts that the trial court failed to give him credit for time served. Such a claim presents a non-waivable challenge to the legality of the sentence imposed. *See Commonwealth v. Davis*, 852 A.2d 392, 399-400 (Pa. Super. 2004) (holding that an attack upon the trial court's failure to give credit for time served is an attack upon the legality of the sentence, which cannot be waived).

Gillespie contends that the Presentence Investigation Report ("PSI") informed the sentencing court that Gillespie was "incarcerated 11/28/12 to present at this docket [docket 918 of 2013]. He has also been incarcerated since 10/25/12 on a state parole detainer." Brief for Appellant at 9 (citing PSI at 1). Gillespie asserts that the sentencing court nevertheless denied him credit for time served on the present docket, 918 of 2013, and supported its decision by stating that the credit for time served should go to Gillespie's prior sentence at docket 117 of 2009, for which Gillespie was already under sentence. Brief for Appellant at 9 (citing N.T. (Sentencing), 5/27/14, at 9). Gillespie claims that the trial court failed to recognize the difference between a criminal defendant who is actively serving a state prison sentence and a criminal defendant held on a parole detainer. Brief for Appellant at 10. Gillespie argues that nothing in the record supports the trial court's erroneous determination that his parole at docket 117 of 2009 had been revoked prior to the May 27, 2014 sentencing hearing. *Id*. Gillespie contends that, for the majority of the time prior to that hearing, he was also

being held on the new charges filed against him in this case. *Id*. Gillespie asserts that he should have received time credit from November 28, 2012, when he was initially held on the $50,000 bail amount, to the date he was sentenced on May 27, 2014. *Id*. at 12.

In *Commonwealth v. Mann*, 957 A.2d 746 (Pa. Super. 2008), this Court discussed the manner in which credit for time served is to be apportioned in cases where a criminal defendant is awaiting trial for new charges while simultaneously awaiting disposition of an alleged parole/probation violation:

> all time served by a parole violator while awaiting disposition on new charges must be credited to the original sentence if he or she remains in custody solely on a Board detainer. **If the defendant is incarcerated prior to disposition, and has both a detainer and has failed for any reason to satisfy bail, the credit must be applied to the new sentence by the sentencing court**. In this circumstance, the credit must be applied by the trial court as a sentencing condition, as the Board and the Commonwealth Court have no jurisdiction to alter sentencing conditions on later review. If the new sentence is shorter than the time served, the balance can be applied to the original sentence, but the sentencing court must specify "time served" in the sentencing order for the new offense, so that the Board will be able to apply the credit.

*Id.* at 751 (citations omitted, emphasis supplied).

Here, the record reflects that, on November 28, 2012, upon his arraignment for the charges at issue in this appeal, Gillespie was unable to post the $50,000 bail amount imposed, and therefore remained in prison from the time of his arrest through trial and sentencing. Thus, credit for the time Gillespie served from his arrest date until his sentencing date should

have been applied to the new sentence imposed by the sentencing court. ***See id***. Because the sentencing court failed to award Gillespie credit at docket 918 of 2013, for the period from November 28, 2012, to May 27, 2014 during which Gillespie was incarcerated for the charges of receiving stolen property, we vacate Gillespie's sentence and remand for resentencing so that such credit may be applied.

Gillespie's fourth claim involves an assertion that the trial court improperly graded his offenses of receiving stolen property at Counts 11 and 13. A question as to the proper grading of an offense goes to the legality of the sentence and not the discretionary aspects; hence, it is non-waivable. ***Commonwealth v. Sanchez***, 848 A.2d 977, 986 (Pa. Super. 2004).

Gillespie points out that, in its verdict, the jury did not make a specific determination of the value of the Fenners' stolen jewelry and electronics that Gillespie was found to have received at Count 11. Brief for Appellant at 15. Gillespie asserts that, even if the jury believed the Commonwealth's evidence that the total value of the stolen jewelry and electronics that Gillespie received was between $2,100 and $2,200, then the offense of receiving stolen property at Count 11 should have been graded as a third-degree felony, as the receipt of stolen property valued between $2,000 and

$25,000 constitutes a third-degree felony under the applicable guidelines.[11] *Id*. Gillespie claims that the sentencing court erroneously graded Count 11 as a second-degree felony. *Id*. Thus, Gillespie argues, his sentence should be vacated because the offense of receiving stolen property at Count 11 should have been graded as a third-degree felony. *Id*.

Additionally, Gillespie contends that the offense of receiving stolen property at Count 13 was also improperly graded. *Id*. n.3.[12] Gillespie asserts that a conviction for the receipt of a stolen firearm, by a person who is not in the business of buying and selling firearms, constitutes a first-degree misdemeanor. *Id*. Gillespie claims that the sentencing court erroneously graded Count 13 as a second-degree felony. *Id*.

Our review of the 6th Edition of the Sentencing Guidelines[13] reflects that the crime of receiving stolen property valued over $2,000 and less than $25,000 constitutes a felony of the third degree. The testimony of the owner of stolen goods is sufficient to establish the value of those goods in

---

[11] Gillespie points out that his crimes of receiving stolen property arise from events that occurred on or about October 24, 2012. Brief for Appellant at 13. Gillespie asserts the 6th Edition of the Sentencing Guidelines applies to his crimes, rather than the 7th Edition, which applies to sentences for crimes that were committed on or after December 28, 2012. *Id*.

[12] Although Gillespie did not raise this issue, as it pertains to Count 13, in his Pa.R.A.P. 1925(b) Statement, this claim is non-waivable, as it presents a question regarding the legality of his sentence. *See Sanchez*, 848 A.2d at 986.

[13] Upon request by this Court, the sentencing court provided a copy of the relevant provisions of the 6th Edition of the Sentencing Guidelines as a supplement to the record on appeal.

criminal cases, and the weight to be accorded to such testimony is for the fact-finder. *See Comonwealth v. Stafford*, 416 A.2d 570, 573 (Pa. Super. 1979).

Here, Fenner testified at trial regarding the items stolen from his home that were later found in Gillespie's possession, and the approximate cost of each item. *See* N.T. (Trial), 3/12/14, at 44-50; *see also* N.T. (Trial), 3/13/14, at 61 (where the Commonwealth summarized Fenner's valuation testimony and calculated the total value of the items received by Gillespie at $2,100 to $2,200). Thus, the Commonwealth presented sufficient evidence regarding the value of the items received by Gillespie that were stolen from Fenner. *See Commonwealth v. Figueroa*, 859 A.2d 793, 798 (Pa. Super. 2004) (upholding the grading of defendant's conviction for theft by deception because the Commonwealth had presented evidence of the value of the stolen property). Using the total value of the Fenner's stolen items presented at trial, the sentencing court should have graded the offense at Count 11 as a third-degree felony, pursuant to the applicable guidelines. Thus, although we affirm Gillespie's conviction at Count 11, we must vacate Gillespie's sentence and remand for resentencing, so that Count 11 may be properly graded by the sentencing court.

The 6th Edition of the Sentencing Guidelines also indicates that the receipt of a firearm, by a receiver who is not in the business of

buying/selling firearms,[14] is classified as a first-degree misdemeanor. Nevertheless, our review discloses that the sentencing court graded the offense at Count 13 as a second-degree felony. Thus, although we affirm Gillespie's conviction at Count 13, we vacate Gillespie's sentence and remand for resentencing, so that Count 13 may be properly graded by the sentencing court.

Given our disposition of Gillespie's fourth claim, we need not address his fifth claim, which implicates the discretionary aspects of his sentence. *See Commonwealth v. Archer*, 722 A.2d 203, 210-11 (Pa. Super. 1998) (holding that an allegation that the trial court miscalculated the offense gravity score presents a challenge to the discretionary aspects of sentencing).

Accordingly, we affirm Gillespie's convictions, but vacate his sentence and remand for the imposition of a new sentence that (1) provides Gillespie with credit for time served at docket 918 of 2013 for the period from November 28, 2012, to May 27, 2014; (2) properly grades Gillespie's offenses at Counts 11 and 13; and (3) clarifies the individuals and/or entities to whom restitution is payable, and the restitution amounts payable to each.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

---

[14] None of the criminal pleadings in this action allege that Gillespie was in the business of buying and selling firearms, and the sentencing documents indicate that Gillespie was sentenced at Count 13 as a receiver *not* in the business of buying and selling firearms.

J-A29036-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2015