J. S25001/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSEPH GERALD SPARROW, | : | No. 2016 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, October 1, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0014433-2013

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 10, 2016**

Joseph Gerald Sparrow appeals from the judgment of sentence entered on October 1, 2014, by the Court of Common Pleas of Allegheny County following his conviction in a bench trial of three counts of theft by unlawful taking or disposition movable property (theft by unlawful taking).[1] We vacate the judgment of sentence and remand for resentencing.

Judge Anthony Mariani set forth the following procedural and factual history:

> This is a direct appeal wherein [appellant] appeals from the judgment of sentence of October 1, [2014] which became final upon the denial of post-sentencing motions on November 12, 2014. The Honorable Donald E. Machen presided over the trial, sentencing and post-sentencing matters in this

---

[1] 18 Pa.C.S.A. § 3921(a).

case. This case was assigned to this Court upon Judge Machen's retirement.[2]

After a non-jury trial, [appellant] was convicted of three counts of theft by unlawful taking. The principal property involved in the thefts [was] a white gold one-carat diamond ring (hereinafter, "diamond ring") and a platinum and diamond promise ring (hereinafter "promise ring"). Judge Machen originally sentenced [appellant] to two consecutive terms of imprisonment of not less than 9 months nor more than 24 months followed by two years of probation. Judge Machen imposed no further penalty on the remaining count of conviction. [Appellant] filed post-sentencing motions and upon consideration of those motions, Judge Machen resentenced [appellant] and imposed the same sentences, this time they were to run concurrently rather than consecutively. [Appellant] filed a timely Notice of Appeal. . . .

For purposes of this appeal, the credible facts presented at trial are succinctly set forth as follows: On September 22, 2013, Carrie Robinson was at her townhouse with her boyfriend, [appellant]. Ms. Robinson and [appellant] had been drinking brandy that evening while watching a football game on television. During the evening, Ms. Robinson made hamburgers. She took off the diamond ring, the promise ring that her grandmother had given her and another ring while making the hamburgers. She did not put the rings back on that evening. Around 10:00 p.m., Ms. Robinson went to bed. [Appellant] continued to watch the football game. At approximately 2:00 a.m. the next morning, Ms. Robinson woke up because of the volume of the television. She went downstairs expecting to find [appellant]. She was surprised to observe that [appellant] was not in the residence. As she looked around, she noticed that her rings were gone. She immediately sent text messages to [appellant]

---

[2] The case was assigned to the Honorable Anthony Mariani who authored the Pa.R.A.P. 1925(a) opinion.

- 2 -

asking him about the rings. [Appellant] did not immediately respond to her text messages and she began looking around the townhouse. As she looked around, she noticed that her wallet was sticking out of her purse and credit cards were missing from the wallet. Ms. Robinson called the police. [Appellant] then sent Ms. Robinson a text message advising her that he [did not] know what she was talking about. Police officers responded to the scene. Later that day, Ms. Robinson went to [appellant's] residence. While she was there, [appellant] advised her that he left his bank card at her townhouse. Ms. Robinson advised [appellant] that if he gave the rings back, she would give him whatever he wanted. Ms. Robinson went back to her townhouse and found the bank card in the sofa. She then returned to [appellant's] residence with the bank card. [Appellant] advised Ms. Robinson that her items were in a bag on the side of the residence. Feeling apprehensive, Ms. Robinson again called the police. The police responded to [appellant's] residence. Inside the bags was the third ring, DVD players and an iPad. Ms. Robinson did not realize that [appellant] had even taken the DVD players and the iPad. The diamond ring and the promise ring were not in the bag.

Over the following days, Ms. Robinson continued sending text messages to [appellant] about the rings. [Appellant] did not explain what happened to the rings but he did admit to taking her credit cards. However, the day after [appellant] was released from jail on bond due to his arrest in this case, Ms. Robinson was in the Target store in the East Liberty section of the City of Pittsburgh. Ms. Robinson encountered [appellant] and his friend, Clyde. Ms. Robinson did not know Clyde's last name. [Appellant] motioned toward Clyde and Clyde approached Ms. Robinson. Clyde handed the promise ring to Ms. Robinson and he then asked for money from her. She did not give him any money but she took the ring back. Ms. Robinson never got the diamond ring back.

Ms. Robinson testified that the diamond ring had been given to her by a fiancé. She testified, over defense objection, that she saw the ring for sale at Costco for $5,000. She testified that she told the fiancé that she wanted that particular ring and that was the ring she received. No specific testimony was ever elicited concerning the value of the promise ring. Ms. Robinson's only description of the promise ring was that it was made from platinum and diamonds. Based on all of this testimony, Judge Machen convicted [appellant] of all counts and sentenced him as set forth above.

Trial court opinion, 7/30/15 at 1-4.

Appellant raises the following issues for our review:

I. DID THE COMMONWEALTH FAIL TO ADEQUATELY ESTABLISH THE VALUE OF THE ITEMS STOLEN IN ORDER TO MEET THE MINIMUM REQUIREMENT TO CONVICT [APPELLANT] OF THEFT BY UNLAWFUL TAKING AS A FELONY OF THE THIRD DEGREE?

II. DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT ADMITTED ROBINSON'S TESTIMONY REGARDING HOW MUCH SHE THOUGHT [HER FIANCÉ] SPENT ON THE [DIAMOND] RING AT COUNT ONE, AS THAT TESTIMONY WAS WHOLLY SPECULATIVE AND WITHOUT FOUNDATION?

III. WAS THE RESTITUTION AWARD OF $5,000 AN ILLEGAL SENTENCE, AS IT WAS SPECULATIVE AND UNSUPPORTED BY THE RECORD?

Appellant's brief at 6.

Appellant complains that the evidence was insufficient to convict him of theft by unlawful taking as a felony of the third degree as to Counts 1 and 2 because the Commonwealth failed to establish the value of the diamond

ring, which is the subject of Count 1, as well as the promise ring, which is the subject of Count 2. With respect to the value of the diamond ring, appellant also complains that the trial court abused its discretion by permitting the victim to testify as to its value because her testimony was speculative and, therefore, inadmissible.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Pappas*, 845 A.2d 829, 835-836 (Pa.Super. 2004) (citation omitted).

Under the Crimes Code, "[a] person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). The value of the

stolen property determines the classification of the theft offense. **Commonwealth v. Figueroa**, 859 A.2d 793, 797 (Pa.Super. 2004) (citation omitted). Theft constitutes a felony of the third degree if the amount involved exceeds $2,000. 18 Pa.C.S.A. § 3903(a.1). The relevant portion of the statute that addresses valuation of stolen property for grading purposes states:

> **(c) Valuation.--**
>
> The amount involved in a theft shall be ascertained as follows:
>
> (1) Except as otherwise specified in this section, value means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime.
>
> . . . .
>
> (3) When the value of property cannot be satisfactorily ascertained pursuant to the standards set forth in paragraphs (1) and (2) [regarding negotiable instruments] of this subsection its value shall be deemed to be an amount less than $50.

18 Pa.C.S.A. § 3903(c)(1) & (3).

> The owner of lost or damaged personalty traditionally has been permitted to testify to its value in civil cases. The theory which underlies these cases is that an owner, by reason of his status as owner, is deemed qualified to give estimates of the

> value of what he owns. The weight to be accorded his testimony is for the fact-finder. We believe that the rule regarding an owner's testimony in civil cases should also be applied in criminal cases.

*Commonwealth v. Warlow*, 346 A.2d 826, 829 (Pa.Super. 1975) (internal citations omitted). It is well settled that "[q]uestions regarding the admission of evidence are left to the sound discretion of the trial court, and we, as an appellate court, will not disturb the trial court's rulings regarding the admissibility of evidence absent an abuse of that discretion." *Commonwealth v. Trinidad*, 96 A.3d 1031, 1036 (Pa.Super. 2014) (citation omitted).

Here, with respect to the value of the diamond ring, the victim testified as follows:

> Q. Where did you get that ring?
>
> A. That was given to me by my fiancé.
>
> Q. And did you have any idea as to the value of that ring?
>
> [DEFENSE COUNSEL]: Objection. Speculation.
>
> THE COURT: Overruled.
>
> [DEFENSE COUNSEL]: Objection to foundation.
>
> THE COURT: Overruled. If you know.
>
> A. Yes, I do. I had seen actually the ring that I wanted at Costco. It's valued at $5,000. Well, the Costco price was $5,000, and I sent that picture to [my fiancé] and told him that was the ring I wanted.

> Q. And the ring that you saw at Costco, did that appear to be the same exact ring you received?
>
> A. Yes.

Notes of testimony, 10/1/14 at 19-20.

We find no abuse of discretion with respect to the trial court's admission of the victim's testimony concerning the circumstances of the purchase of her diamond ring as it relates to value because it has long been the law of this Commonwealth that the owner of property may testify to its value. **See Warlow**, 346 A.2d at 829. Additionally, the trial court, sitting as fact-finder, passed upon the victim's credibility and was free to believe all, some, or none of her testimony. **See Pappas**, 845 A.2d at 835-836. As such, the Commonwealth produced sufficient evidence with respect to the value of the diamond ring to support appellant's conviction of theft by unlawful taking as a third-degree felony at Count 1.

With respect to the promise ring, which was the subject of appellant's conviction at Count 2, the only evidence offered by the Commonwealth as to its value was the following testimony given by the victim:

> Q. And the second ring you said was your grandmother's promise ring?
>
> A. Yes.
>
> Q. What did that ring look like?
>
> A. I actually have it. It's, I believe, platinum and diamond.

Q.    And you still have that ring today?

A.    Yes, but it was initially taken.

Notes of testimony, 10/1/14 at 7.

The record reflects that the Commonwealth produced no evidence as to the monetary value of the promise ring. The trial court, therefore, abused its discretion in finding that the value of the ring exceeded $2,000 in order to convict appellant of theft by unlawful taking as a third-degree felony at Count 2 because the Commonwealth failed to produce sufficient evidence as to the value of the promise ring.

Finally, appellant complains that the sentencing court's imposition of restitution in the amount of $5,000 was an illegal sentence because the victim's testimony as to the value of the diamond ring was speculative and, therefore, inadmissible. While a challenge to the excessiveness of restitution is a challenge to the discretionary aspects of sentencing, a challenge to the appropriateness of restitution challenges the legality of that sentence. ***Commonwealth v. Walker***, 666 A.2d 301, 307 (Pa.Super. 1995). Challenges to the legality of a sentence are never waived. ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa.Super. 2005).

Here, appellant challenges the appropriateness of the restitution sentence based on his claim that the victim's testimony regarding the value of the diamond ring was speculative and, therefore, inadmissible. As discussed above, however, the Commonwealth produced sufficient evidence

to establish the $5,000 value of the diamond ring in order to support appellant's conviction of theft by unlawful taking as a third-degree felony on Count 1. Consequently, appellant's illegality of sentence claim necessarily fails.

Conviction affirmed. Judgment of sentence as to Count 2 vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2016

- 10 -