STATE *v.* JAMES.

| 58 | 67 |
| 67 | 452 |
| 67 | 517 |
| 58 | 67 |
| 70 | 149 |

A printed list of names and dates is a chattel, but not a "writing containing evidence of any existing debt," within the statutory definition of the subjects of larceny.

Its value, as a statutory subject of larceny, is its market value. To be of the market value of twenty dollars, it must be capable of being sold for that sum at a fairly conducted sale.

INDICTMENT, for larceny of a printed list of names and dates. The persons named were subscribers to a newspaper, and the dates were the periods to which they had paid. The owner made up his account-books from this list once a month.

*Solicitor*, for the state.

*Marston*, for the respondent.

BINGHAM, J. The questions reserved were, whether the list was a writing containing evidence of an existing debt, within *s.* 3, *c.* 260, Gen. St.; whether, if it was not such a writing, it was a chattel within said section; and if such a chattel, whether evidence was admissible to prove it worth to the owner twenty dollars, although to others it was of no value.

The statute of December, 1812, so far as material, was the same as *s.* 3, *c.* 260, of the Gen. St. In *Blanchard* v. *Fisk*, 2 N. H. 398, 400, it was held, in construing the act of 1812, that, to make the taking of a file of bills larceny, it must contain evidence of unsatisfied debts, or subsisting contracts, covenants, or promises, or of the discharge, payment, or satisfaction of such debts.

Was the list a writing containing evidence of an existing debt, within said section three? It contains no evidence of a contract, promise, or covenant subscribed. If evidence, it must be as a book of accounts; but, as a book of accounts, it is wanting in nearly all the elements required by the rule to make it evidence. *Cummings* v. *Nichols*, 13 N. H. 420; *Swain* v. *Cheney*, 41 N. H. 235.

It was a chattel. 2 Russell on Crimes 69, 75, and note; 4 Bl. Com. 234; *Blanchard* v. *Fisk*, before cited; *Payne* v. *The People*, 6 Johns. 103; 3 Greenl. Ev., *s.* 153; *Rex* v. *Mead*, 4 C. & P. 535; *Regina* v. *Morris*, 9 C. & P. 347.

Its value as a statutory subject of larceny is its market value; and evidence that it is worth twenty dollars to its owner, and worth nothing to anybody else, does not show its market value to be twenty dollars. To be of the market value of twenty dollars, it must be capable of being sold for that sum at a fairly conducted sale,—at a sale, conducted with reasonable care and diligence in respect to time, place,

and circumstances, for the purpose of obtaining the highest price. *Locke* v. *State*, 32 N. H. 106 ; *State* v. *Ladd*, *id.* 110 ; *State* v. *Goodrich*, 46 N. H. 186 ; *Cocheco* v. *Strafford*, 51 N. H. 481.

*Case discharged.*