452 A.2d 552

**COMMONWEALTH of Pennsylvania.**

v.

**Anthony James LOWRY, Appellant.**

Superior Court of Pennsylvania.

Submitted June 16, 1982.

Filed Nov. 5, 1982.

Vincent R. Baginski, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

PER CURIAM:

Appellant Anthony James Lowry was convicted of theft by the Honorable John W. O'Brien, sitting without a jury. Post-trial motions were denied and appellant was sentenced to 11½ to 23 months imprisonment and five years probation. This direct appeal followed. Because we agree that the

evidence is insufficient to sustain the conviction, we reverse the judgment of sentence and discharge appellant.[1]

Appellant was charged with the theft of a diamond-coin pendant from the Boss Jewelry store. Leonard Boss, the store's owner, testified that, on the morning of January 21, 1980, he had been working on the pendant at his workbench, in the work area of the store. An employee, William Masters, also worked in that area and Shirley Flosnik, a secretary, worked at a desk in the showroom area. Appellant, then an employee of IBM, arrived at the store around noon to install a newly-purchased typewriter at Ms. Flosnik's desk. At that time, Masters and Boss were eating lunch at a separate table in the work area. Appellant installed the typewriter, which had been stored in a box in the work area. After he installed it, he brought the box to a location between the two workbenches and asked Boss and Masters about something else being in the box. Ms. Flosnik testified that she then came to the doorway of the work area and asked what appellant was looking for. He replied that it didn't matter and returned to the typewriter, answered a few questions for her and left the store. Mr. Boss discovered the pendant was missing between 1:00 p.m. and 1:30 p.m. The pendant was never found although appellant's apartment was searched three days later.

The test for sufficiency of the evidence is whether, accepting as true all of the Commonwealth's evidence and all reasonable inferences therefrom, it is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Cimaszewski*, 447 Pa. 141, 288 A.2d 805 (1972). In the instant case, the Commonwealth's evidence shows that appellant was present and that the pendant was missing sometime after his departure. There is no evidence that he ever saw or handled the pendant or even knew of its presence. Moreover, other people were also in the vicinity of the pendant. Although these circumstances may be suspicious, we cannot sustain a conviction based on mere suspicion or conjecture.

1. Because of this disposition, we need not reach the ineffectiveness of counsel claims also raised by appellant.

*Commonwealth v. Keller,* 249 Pa.Super. 384, 378 A.2d 347 (1977). Mere presence at the scene of a crime cannot, of course, sustain a conviction. *Commonwealth v. Bailey,* 448 Pa. 224, 292 A.2d 345 (1972). The Commonwealth contends, however, that appellant appeared nervous and in a hurry to leave after his last trip to the work area and that this evidence distinguishes this case from the "mere presence" cases. Our Supreme Court has held, however, that even flight cannot convert presence into proof of guilt. *Commonwealth v. Bailey, id.; Commonwealth v. Goodman,* 465 Pa. 367, 350 A.2d 810 (1976). Since there was no other evidence linking appellant to the pendant, we must reverse the conviction and discharge appellant.