522 A.2d 622

**COMMONWEALTH of Pennsylvania**

v.

**Robert William HANES, Appellant.**

Superior Court of Pennsylvania.

Argued May 20, 1986.

Filed March 9, 1987.

358

James L. Martin, Ridgway, for appellant.

Vernon D. Roof, District Attorney, Ridgway, for Com., appellee.

Before BROSKY, KELLY and ROBERTS, JJ.

KELLY, Judge:

In this case of first impression, we are called upon to determine whether the trial court erred in treating evidence of an alleged oral contract price for stolen property as conclusive evidence of value. We find that the trial court erred, and announce that, although proof of the retail or contract price of stolen property is *prima facie* evidence of value in a theft case, such evidence is not conclusive. Accordingly, a defendant may present any evidence, direct or circumstantial, which bears upon the market value of the same or similar items in the open market at the time and place of the theft to rebut the *prima facie* evidence presented.

Appellant appeals from his June 25, 1985 conviction for the theft[1] of a truckload of live red oak logs following a jury trial. The jury set the value of the stolen logs at two thousand dollars ($2,000.00); accordingly, the theft was graded as a first degree misdemeanor.[2]

Post-verdict motions were argued and denied, and on September 4, 1985, appellant was sentenced to a term of imprisonment in the Elk County Prison of not less than three (3) months nor more than eighteen (18) months with the privilege of work release. He was also ordered to pay

1. 18 Pa.C.S.A. § 3921(a).
2. 18 Pa.C.S.A. § 3903. **Grading of theft offenses**
    (a) **Felony of the third degree.**—Theft constitutes a felony of the third degree if the amount involved exceeds $2,000, or if the property stolen is a firearm, automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle, or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property.
    (b) **Other grades.**—Theft not within subsection (a) of this section, constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and:
      (1) the amount involved was fifty dollars ($50) or more but less than two hundred dollars ($200) the offense constitutes a misdemeanor of the second degree; or
      (2) the amount involved was less than fifty dollars ($50) the offense constitutes a misdemeanor of the third degree.

restitution to Mr. Erlanson in the amount of two thousand dollars ($2,000.00). Timely notice of appeal was filed. Although appellant has raised five issues on appeal,[3] we address only the issues as to the sufficiency of the evidence and the admissibility of defense evidence to rebut the Commonwealth's *prima facie* showing of value.[4]

## I.

Appellant first contends that the evidence was insufficient to sustain his conviction. Appellant argues that the circumstantial evidence was insufficient to establish beyond a reasonable doubt that he (and no other person) stole the logs. Appellant argues further that the Commonwealth failed to establish the value of the stolen logs beyond a reasonable doubt, in that its calculation of value was based upon estimates as to the quantity and quality of the logs stolen. We cannot agree.

In reviewing the sufficiency of the evidence to support a conviction, the evidence must be viewed in the light most favorable to the Commonwealth, and the Commonwealth is entitled to all favorable inferences which may be drawn from the evidence. *Commonwealth v. Reddix*, 355 Pa.Super. 514, 519, 513 A.2d 1041, 1045 (1986); *Commonwealth v. Duffy*, 355 Pa.Super. 145, 154–55, 512 A.2d 1253, 1260–61 (1986).

## A.

A review of the record discloses sufficient evidence from which the jury could find that appellant stole the logs.

---

**3.** Specifically, the appellant argues: 1) the evidence was insufficient to sustain the verdict that the appellant unlawfully took the logs belonging to Erlanson Logging, Inc. and the evidence was insufficient as to the quality and value of the logs allegedly stolen; 2) the verdict was against the weight of the evidence; 3) the court erred in allowing the jury to speculate as to the value of the logs; 4) the court erred in failing to allow the defense to present evidence regarding the market value of the logs; and 5) the court erred in failing to grant the appellant's motion for a mistrial because of misconduct on the part of the District Attorney.

**4.** Appellant's remaining claims are rendered moot by our finding that a new trial is required.

Mr. Erlanson testified that: his was the only outfit cutting live red oak logs in the Quehanna area at the time of the theft; he passed appellant hauling a load of live red oak logs along the road leading from his logging site in the Quehanna area late in the afternoon on the day of the theft; as an experienced logger, he could tell whether the logs on a passing truck were live or dead; he knew appellant and appellant's truck from previous business dealings; he noticed that dust raised by some other truck had not yet settled along the dirt road which led to his logging site; when he arrived at his logging site minutes later, there were distinctive tire tracks from the type of truck which is used to haul timber, there were impressions left in the ground from stabilizers which are used in the loading of timber, and a load of live red oak logs was missing from the landing area; he suspected theft, but could not be sure until he checked with Mr. Monroe Johnson, who worked for Mr. Erlanson, to see if he had hauled the logs away; and his suspicions of theft were confirmed by Mr. Monroe Johnson the following day. (N.T. 6/25/85 at 14–41).

Mr. Monroe Johnson testified that the landing area was filled with live red oak logs when he left the logging site at about 4:30 p.m. on the day of the theft. He also corroborated Mr. Erlanson's testimony that an experienced logger could easily tell whether the logs on a passing truck were live or dead red oak logs. (N.T. 6/25/85 at 102–140).

Appellant admitted that he was at Mr. Erlanson's logging site minutes before he passed Mr. Erlanson's truck on the highway. (N.T. 6/25/85 at 211). Appellant explained that he had gone to Mr. Erlanson's logging site to tell Mr. Erlanson about a tract of timber which was for sale and to see if Mr. Erlanson was interested in buying the tract and hiring him to haul the timber. (N.T. 6/25/85 at 211, 255–57). Appellant claimed that the logs on his truck were *dead* red oak logs he was hauling for Mallery Lumber Company. (N.T. 6/25/85 at 209–61; *see also* N.T. 6/25/85 at 168, 185, 261).

Appellant argues that proof of his presence at the scene of the crime was not sufficient to sustain his conviction. However, cases cited by the appellant in support of this proposition [5] are inapposite. The evidence (viewed in the light most favorable to the Commonwealth as the verdict winner), and the reasonable inferences deducible therefrom, established more than appellant's mere presence at the scene of the crime. Indeed, the evidence was sufficient to establish that Mr. Erlanson had witnessed the appellant in the act of hauling away the stolen logs.[6]

## B.

Appellant further contends that the evidence was insufficient to establish the value of the logs beyond a reasonable doubt. Appellant argues that the jury's determination of value was invalid because it was calculated based upon estimates of the quantity and quality of the logs taken. Appellant concludes that the value assigned by the jury amounted to speculation and conjecture. We cannot agree.

Under Pennsylvania law, gradation of theft offenses is based upon the value of the stolen property. 18 Pa.C.S.A. § 3903. Consequently, the burden to establish the value of the stolen property is upon the Commonwealth. *See Commonwealth v. Stauffer,* 239 Pa.Super. 463, 465, 361 A.2d

**5.** Appellant cites: *Commonwealth v. Tribble,* 502 Pa. 619, 467 A.2d 1130 (1983); *Commonwealth v. Lowry,* 306 Pa.Super. 277, 452 A.2d 552 (1982); and *Commonwealth v. Keller,* 249 Pa.Super. 384, 378 A.2d 347 (1977).

**6.** The conflict in the testimony as to whether appellant was hauling live or dead red oak logs was clearly for the jury to resolve. Where the evidence is conflicting, it is the province of the fact-finder to determine the credibility of the witnesses. *Commonwealth v. Arms,* 489 Pa. 35, 39, 413 A.2d 684, 686 (1980); *see also Commonwealth v. Duffy, supra,* 355 Pa.Superior Ct. at 159, 512 A.2d at 1261. "In exercising this prerogative, 'the fact-finder is free to believe all, part, or none of the evidence.'" *Commonwealth v. Arms, supra,* 489 Pa. at 39, 413 A.2d at 686, *quoting Commonwealth v. Rose,* 463 Pa. 264, 268, 344 A.2d 824, 826 (1975). In reviewing the sufficiency of the evidence to support the verdict, we must assume that the conflict was resolved in favor of the Commonwealth and that the jury found that the logs were live red oak. *Cf. Pro v. Pennsylvania Railroad Co.,* 390 Pa. 437, 442, 135 A.2d 920, 922 (1957).

383, 384 (1976); *Commonwealth v. Warlow*, 237 Pa.Super. 120, 123, 346 A.2d 826, 827 (1975). "Value" for the purposes of gradation of theft offenses must be ascertained with reference to the applicable provisions of 18 Pa.C.S.A. § 3903(c). Section 3903(c)(1) provides:

(c) **Valuation.**—The amount involved in a theft shall be ascertained as follows:

(1) Except as otherwise specified in this section, value means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime.

"Market value has been defined as the price which a purchaser, willing but not obligated to buy, would pay an owner, willing but not obligated to sell...." *Commonwealth v. Warlow, supra,* 237 Pa.Superior Ct. at 124, 346 A.2d at 828.[7]

■ Testimony of the owner or an employee of the owner is admissible to establish the market value of the stolen property. *Commonwealth v. Warlow, supra,* 237 Pa.Superior Ct. at 126, 346 A.2d at 829 (applying the rule from civil law); *see also Commonwealth v. Walentoski,* 300 Pa.Super. 559, 565 n. 2, 446 A.2d 1300, 1303 n. 2 (1982) (employee's statement as to value); *Commonwealth v. Stafford,* 272 Pa.Super. 505, 510, 416 A.2d 570, 573 (1979) (proprietor's statement as to value). "The theory which underlies these cases is that an owner, by reason of his status as owner, is deemed qualified to give *estimates* of the value of what he owns." *Commonwealth v. Warlow, supra,* 237 Pa.Superior Ct. at 126, 346 A.2d at 829 (citing cases) (emphasis added).

■ When the property is stolen from a merchant, the retail or contract price is *prima facie* evidence of market

---

7. This definition has otherwise been stated:

Such value is market value, or the price at which the property will bring in the fair market, after fair and reasonable efforts have been made to find a purchaser who will give the highest price for it. *See State v. Moody,* 113 N.H. 191, 304 A.2d 374, 375 (1973), *citing State v. James,* 58 N.H. 67 (1877).

value. *Commonwealth v. Walentoski, supra,* 300 Pa.Superior Ct. at 565 n. 2, 446 A.2d at 1303 n. 2. (order price); *Commonwealth v. Warlow, supra,* 346 A.2d at 829 (value of stock in trade); *accord State v. Sorrell,* 95 Ariz. 220, 388 P.2d 429 (1964); *People v. Cook,* 233 Cal.App.2d 435, 43 Cal.Rptr. 646 (1965); *Maisel v. People,* 166 Colo. 161, 442 P.2d 399 (1968); *Lee v. People,* 137 Colo. 465, 326 P.2d 660 (1958); *State v. White,* 37 Conn.Sup. 796, 437 A.2d 145 (1981); *People v. Fognini,* 374 Ill. 161, 28 N.E.2d 95 (1940); *State v. McDonald,* 312 Minn. 320, 251 N.W.2d 705 (1977); *State v. Moody, supra; State v. King,* 164 N.J.Super. 330, 396 A.2d 354 (1978); *State v. Hill,* 153 N.J.Super. 558, 380 A.2d 722 (1977); *People v. Irrizari,* 5 N.Y.2d 142, 182 N.Y.S.2d 361, 156 N.E.2d 69 (1959).

In the instant case, Mr. Erlanson testified that he had oral contracts to sell his live red oak logs to Mr. Larry Johnson for $500.00 per thousand board feet of saw board grade wood and to Webb Veneer for $1.00 per board foot of veneer grade wood. (N.T. 6/25/85 at 27–28). Both Mr. Erlanson and his employee, Mr. Monroe Johnson, testified that a full load of logs had been taken and that an average load contained 3,000 board feet. (N.T. 6/25/85 at 28, 115). Mr. Monroe Johnson also testified that at least two-thirds of the logs were veneer grade wood and that only one-third was saw board grade. (N.T. 6/25/85 at 115).

■ Appellant contends that because the calculation of the market value of the stolen logs was made from estimates of the quantity and quality of the logs stolen, the Commonwealth failed to establish the market value of the stolen logs beyond a reasonable doubt. Appellant, however, misconstrues the Commonwealth's burden. The Commonwealth is not required to establish the *precise* market value of the stolen property. Rather, the Commonwealth must present evidence from which a reasonable jury may conclude that the market value was *at least* a certain amount.

In the instant case, the Commonwealth presented opinion evidence from the owner and an employee of the owner of

the stolen property which could have supported a finding that the market value of the logs was as high as two thousand five hundred dollars ($2,500.00). Had the jury used this figure as the market value of the stolen logs, the theft would have been graded as a third degree felony rather than a first degree misdemeanor. 18 Pa.C.S.A. § 3903. However, the jury gave the appellant the benefit of all of their reasonable doubts regarding the accuracy of the estimates as to the quantity and quality of logs stolen, and set the value of the stolen logs at two thousand dollars ($2,000.00). We find the evidence sufficient to support this finding.

## II.

▉ Appellant further contends that, even if the Commonwealth's evidence was sufficient to establish a *prima facie* showing of value, the trial court erred in treating the testimony as *conclusive* evidence of value. Specifically, appellant contends that he was entitled to present evidence of a competitor's price for similar logs at the time of the theft to rebut Mr. Erlanson's uncorroborated testimony as to the price he was to receive for his logs pursuant to his alleged oral contracts. We agree.

At trial, appellant sought to introduce the price list of a local competitor, Mallery Lumber Company, for similar logs. The Commonwealth objected upon grounds of relevance, and counsel for appellant responded:

> If it please the Court, I think it's most relevant, pertinent testimony to show to the jury what the normal price for red oak was at the time of this purported theft, and let the jury draw the conclusion as to whether or not they can believe Erlanson at the $500 and $1000 a thousand board feet or they can believe a price list from a reliable company from [sic] Mallery Lumber Company.

(N.T. 6/25/85 at 180–181). Thus, the evidence was offered both to contest the Commonwealth's evidence of value, and to impeach the credibility of the prosecution's primary witness, Mr. Erlanson.

The trial court rejected counsel's argument, sustained the objection, and explained:

> The Court disagrees with you firmly for this reason, what another company would pay for a given product is not what the alleged victim is claiming. He is claiming what he lost, and much ado [sic] made today about how many, many different sawmills or lumber companies there are around this area. What someone else pays, what the hauling distance, range is, I don't know, but I don't think we should speculate when a definite claim is based upon a contract testified to by the alleged victim.

(N.T. 6/25/85 at 181). The trial court's ruling that there was no issue as to the value of the stolen property foreclosed any further inquiry on the part of defense counsel as to the authenticity or reasonableness of Mr. Erlanson's alleged contract price.

Although this is a case of first impression, we have little difficulty in finding that Mr. Erlanson's testimony was not conclusive as to value. "A proprietor's statement of the value of stolen good is *sufficient* to establish the value of those goods in criminal cases and *the weight to be accorded to such testimony is for the finder of fact.*" *Commonwealth v. Stafford, supra,* 272 Pa.Superior Ct. at 510, 416 A.2d at 570, *citing Commonwealth v. Warlow, supra.* (Emphasis added). There is a wide chasm between "sufficient" and "conclusive" evidence; and it would be a rare case, indeed, where a trial court could direct the jury to base its verdict, or any part of a verdict, upon the testimony of a single witness, regardless of contrary evidence offered or admitted. *See Patton v. Franc,* 404 Pa. 306, 308, 172 A.2d 297, 298 (1961).

We are unable, however, to discover any reported case in Pennsylvania which discusses the issue of what evidence may be admitted to rebut the Commonwealth's *prima facie* evidence of value. We are guided, though, by the cogent and well-reasoned opinions of our sister states upon this subject.

In the leading case of *People v. Irrizari, supra,* the New York Court of Appeals explained:

> Where, then, the property is stolen from a department store, the price at which it is there listed ordinarily reflects its market value. We do not, of course, mean to imply that such price is necessarily conclusive. The vital finding which the jury must make is the price at which the property would have been sold if it had not been stolen, and any evidence bearing on that question may properly be considered. *It would be open to the accused to show, for instance, that the list price was much higher than the price being paid for similar merchandise in the vicinity,* for such evidence bears on whether the goods would actually have found buyers at list price even in the store from which they had been taken.

182 N.Y.S.2d at 364, 156 N.E.2d at 71. (Emphasis added).

Following the reasoning in *Irrizari,* the New Jersey Superior Court stated:

> Presumptively at least, the sales price represents the retailer's opinion of what a member of the buying public will be willing to pay. But that is not the end of the matter. The fact that the State has met its burden of proof by proving salesprice does not, in our view, foreclose defendant from attempting to overcome the prima facie case by proof that the sales price was not the fair retail price. *State v. Hill, supra,* for example, suggests that *such proof might take the form of showing that the list price of the article in question exceeds the sales price posted by other shops in the vicinity for similar articles* or that the retailer whose merchandise has been stolen customarily offers discounts of the posted sales price of the article in question. . . . In our view wholesale price may be a relevant consideration if disproportionately low in relationship to the listed sales price or if otherwise inconsistent with the victim-retailer's customary mark-up practices.

*State v. King, supra,* 396 A.2d at 356–57. (Emphasis added).

The Supreme Court of Minnesota has reasoned:

Although testimony as to the price on the price tag ordinarily would be sufficient to justify a finding that that was the retail market value of the item taken, it is not conclusive, for the price charged by the store from which the item is taken may not accurately reflect the market value of the item. *People v. Tijerina*, 1 Cal.3d 41, 81 Cal.Rptr. 264, 459 P.2d 680 (1969). *A defendant is free to introduce direct and circumstantial evidence bearing on the value of the item in the retail market and thus, as here, may call other witnesses to testify that other stores sell the item for less, Husten v. United States*, 95 F.2d 168 (8 Cir.1938); *People v. Irrizari*, 5 N.Y.2d 142, 182 N.Y.S.2d 361, 156 N.E.2d 69 (1959); or he may introduce evidence suggesting that the item does not have much of a market any more as, for example, where an item has been on the shelf unsold for a long time. *People v. Fognini*, 374 Ill. 161, 28 N.E.2d 95 (1940).

*State v. McDonald, supra,* 251 N.W.2d at 707. (Emphasis added). *See also State v. Sorrell, supra; Maisel v. People, supra; State v. White, supra; People v. Fognini, supra; State v. Moody, supra.* We are persuaded by the opinions of our sister states; and in light of the foregoing, we find that the trial court erred in refusing to admit the proffered evidence.

■ A defendant in a theft case may present any evidence, direct or circumstantial, which is relevant to show the market value of the same or similar items at the time and place of the theft, to rebut the Commonwealth's *prima facie* evidence of value. Such evidence may include, but is not limited to, evidence which tends to show: (1) there are no willing buyers at the alleged price; (2) even though there is a willing buyer at the alleged price, the price is unreasonable in light of local competitor's prices for the same or similar items; or (3) that the seller customarily sold the property at a discounted price. It is for the fact-finder to access the weight of such evidence. *Commonwealth v. Stafford, supra.*

370

■ Because relevant evidence of value was excluded, we must set aside the jury's determination of value. In doing so, we invalidate the trial court's gradation of the offense and the basis upon which the sentence and restitution order were imposed. Moreover, we recognize that if Mr. Erlanson had been successfully impeached on the issue of the value of the stolen logs, the jury might have viewed his testimony regarding other elements of the offense differently. Consequently, the taint of the improper evidentiary ruling permeates the verdict, and we have no choice but to reverse and remand for new trial. *See Commonwealth v. Robinson*, 507 Pa. 522, 491 A.2d 107 (1985) (improper restriction of cross-examination of Commonwealth witness required a new trial); *Commonwealth v. Mason*, 358 Pa.Super. 562, 518 A.2d 282 (1986) (improper exclusion of evidence offered to impeach the key Commonwealth witness required a new trial).

Judgment of sentence is vacated, the case is remanded to the trial court for a new trial. Jurisdiction is relinquished.