J-A04035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN PURNELL | : | No. 1909 EDA 2020 |

Appeal from the Judgment of Sentence Entered September 17, 2020[1]
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004710-2018

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 19, 2022**

The Commonwealth challenges an order downgrading Stephen Purnell's convictions for criminal conspiracy, theft by unlawful taking, and receiving stolen property ("RSP")[2] from third-degree felonies to third-degree misdemeanors. Because the Commonwealth did not establish the value of the stolen items, the evidence was not sufficient to support the third-degree felony convictions. We therefore affirm.

---

[1] The Commonwealth characterized its appeal as being from the order downgrading the convictions. Its appeal in this case properly lies from the judgment of sentence. We have corrected the caption accordingly.

[2] 18 Pa.C.S.A. §§ 903, 3921(a), and 3925(a), respectively.

Stephen Purnell and his co-defendant Terrell Thompson[3] were arrested in June 2018 for stealing boxes of new flooring and tiles from a residence on North Marston Street in Philadelphia that was undergoing construction. They proceeded to a joint bench trial in November 2019.

At trial, Sergeant Francis Uitz testified that on June 8, 2018, he responded to a radio call at approximately 1:50 a.m. and proceeded to North Marston Street. N.T., 11/1/19, at 46. He observed a U-Haul van parked next to a property with several males loading items into the rear of the U-Haul van. *Id.* at 46. Sergeant Uitz testified that the males looked in his direction and then jumped into the van and drove away. *Id.* at 47. He said he got behind the van and activated his lights and sirens, at which point the van pulled into an empty lot and could not drive further because a fence blocked the path. *Id.* at 47. The men started to get out of the van, and Sergeant Uitz drew his gun and ordered them to stop. *Id.* Additional officers pulled into the parking lot. Sergeant Uitz observed "a bunch of flooring and other kind[s] of construction material in the back of the U-Haul van." *Id.*

Sergeant Uitz said that he went back to the North Marston Street residence and observed that the front door had been forced open. He noticed damage to the doorframe and door. He further observed that the back door

---

[3] The Commonwealth also filed an appeal of the order downgrading Thompson's convictions to third-degree misdemeanors, docketed at 1929 EDA 2020. Thompson filed a notice of appeal from his judgment of sentence, docketed at 1977 EDA 2020. We address those appeals in separate memoranda, filed at their respective dockets.

was open and there was flooring stacked by the back door that was similar to the flooring inside the van. *Id.* at 47-48.

Police Officer Timothy Gibson testified that he arrived in the parking lot after the U-Haul stopped. *Id.* at 60. He handcuffed Stephen Purnell outside of the U-Haul. *Id.* Police Officer Robert Heeney testified that he assisted after the U-Haul stopped and observed flooring materials and tile inside it. *Id.* at 68. The Commonwealth also put into evidence a picture of the back of the U-Haul van, showing 27 boxes of materials. *See* Commonwealth Ex. C-2(a).

The general contractor and realtor for the North Marston Street residence, Lawrence Resnick, testified that the police contacted him on the day of the incident to come to the residence because of a break-in. N.T., 11/1/19, at 24-25. He said that the front door was "broken up" and there was damage to the rear door, neither of which had been the case when he left the prior evening. *Id.* at 26-28. He said that the flooring and tile materials found in the van belonged to him. *Id.* at 30. He stated that he had bought the materials and locked them in the North Marston Street house. *Id.* at 30-31. He testified that Purnell and Thompson did not have permission to be in the home. *Id.* at 32-33.

Thompson took the stand in his own defense. He stated he was a welding contractor and furniture fabricator and on June 8, 2018, he was working on a house on North Beechwood Street. *Id.* at 81. He testified that a "buddy" named Pete, who is a handyman with whom Thompson had worked in the past, told him there were materials available to help Thompson save money,

allegedly because someone had extra materials. *Id.* at 83. He said he paid Pete a $250 deposit, and when he arrived at the North Marston Street address, the materials were already in the U-Haul van. *Id.* at 87-88, 92.

In its closing argument, the Commonwealth argued that Thompson's testimony that he believed he was buying the goods was not credible, as the value of the "goods in the back of that truck probably far exceeds $250." *Id.* at 106. The trial court found Purnell guilty of conspiracy to commit theft by unlawful taking, theft by unlawful taking, and RSP, graded as third-degree felonies. N.T., 11/21/19, at 4-5.

Purnell filed a post-verdict motion in March 2020, challenging the grading of the offenses. He argued that the Commonwealth had failed to carry its burden to prove the value of the stolen items. According to Purnell, the convictions were therefore third-degree misdemeanors rather than first-degree felonies.

At an August 2020 hearing, the court and defense counsel agreed that even if the court could not grant the requested relief at the post-verdict motion stage, the defense could still file a motion for extraordinary relief before sentencing or make a motion orally at sentencing, challenging the sufficiency of the evidence.[4] N.T., 8/6/20, at 4-7. The prosecutor responded that, in the

---

[4] Pennsylvania Rule of Criminal Procedure 606 (A) provides:

*(Footnote Continued Next Page)*

Commonwealth's view, there was "no sufficiency issue at all." *Id.* at 6.

However, she did not object to the court's consideration of the issue. Instead,

she conceded that Purnell had "filed a motion and has raised this issue" and

explicitly said that she "had no objection" to the court's "considering [the]

issue that has been raised as to both defendants now[.]" *Id.* at 7. The court

did not rule on the motion at that time. It gave the defendants 30 days to file

motions, "if they're going to file motions," and the Commonwealth 15 days

after the filing of any such motion to respond. *Id.* at 15.

---

(A) A defendant may challenge the sufficiency of the evidence to sustain a conviction of one or more of the offenses charged in one or more of the following ways:
. . .
(5) a motion for judgment of acquittal made orally before sentencing pursuant to Rule 704(B);
(6) a motion for judgment of acquittal made after sentence is imposed pursuant to Rule 720 (B); or
(7) a challenge to the sufficiency of the evidence made on appeal.

Pa.R.Crim.P. 606(A). Rule 704(B) provides:

**(B) Oral Motion for Extraordinary Relief.**

(1) Under extraordinary circumstances, when the interests of justice require, the trial judge may, before sentencing, hear an oral motion in arrest of judgment, for a judgment of acquittal, or for a new trial.
(2) The judge shall decide a motion for extraordinary relief before imposing sentence, and shall not delay the sentencing proceeding in order to decide it.
(3) A motion for extraordinary relief shall have no effect on the preservation or waiver of issues for post-sentence consideration or appeal.

Pa.R.Crim.P. 704(B).

Purnell did not file an additional written motion and at sentencing, in September 2020, he did not make an oral motion. The court opened the proceeding by noting Purnell's previous motion, which was still outstanding. Although it concluded a post-verdict motion was not the appropriate procedural vehicle, it nonetheless granted Purnell relief on his sufficiency claim:

> THE COURT: I guess the status of this case is [defense counsel] on behalf of Mr. Purnell, had filed a post-verdict motion.
>
> [DEFENSE COUNSEL]: Yes.
>
> THE COURT: I think upon review, the more appropriate motion would have been a challenge to the sufficiency of evidence made as a motion for judgment of acquittal before sentencing.
>
> I will deny your post-verdict motions and grant your sufficiency and find that the theft charges should be graded as an M3 for failure to provide any evidence as to the value of the goods taken.

N.T., 9/17/2020, at 3-4.

The Commonwealth again did not object to the court's entertaining of the issue. It instead once again simply argued that the evidence was sufficient to support the elevated grading. *Id.* at 5-6. The court sentenced Purnell to three to six months' incarceration, and the Commonwealth filed this timely appeal.

The Commonwealth states the issue before this Court as follows:

> Where [Purnell] and his co-conspirators were caught in the act of stealing 27 boxes of new and unused flooring and tiling supplies from a new house in the middle of

construction, did the post-trial court err in failing to consider the evidence in the light most favorable to the Commonwealth as verdict winner, explicitly reweighing the trial evidence, and arresting judgment for defendant's felony convictions by downgrading them to misdemeanors?

Commonwealth's Br. at 4.

The Commonwealth argues that the court improperly arrested judgment and downgraded its own verdicts approximately 10 months after it entered the verdicts. The Commonwealth notes that at the hearing on the post-verdict motion, the court stated the defendants should make a further motion challenging the sufficiency of the evidence, but the defendants did not do so. The Commonwealth claims that, because the defense did not file the suggested motion and the court could not arrest judgment *sua sponte*, the court erred in entering the order.

The Commonwealth further claims the photograph of the van established Purnell stole 27 boxes of new tiling and flooring material. It maintains that a reasonable fact-finder could on that basis conclude the stolen materials were worth more than $2,000. It contends that, viewed in the light most favorable to the Commonwealth, the evidence was sufficient to sustain the third-degree felony grading and the trial court did not have authority to change its verdict where the original verdict was supported by sufficient evidence.

In addition, the Commonwealth claims the court applied an incorrect legal standard. It argues the court reweighed the evidence and "inaccurately redetermined the quantity of stolen goods." Commonwealth Br. at 13. It notes

the Commonwealth does not have to establish the precise value of the materials but must present evidence from which a jury may conclude that the market value was at least the requisite amount. It claims the Commonwealth established Purnell stole 27 boxes of new flooring and tile supplies and no evidence "rebutted the Commonwealth-favorable inference of value of at least over $2,000." Commonwealth's Br. at 18. It maintains the court entered third-degree felony guilty verdicts based on the inference and had no authority to reassess the evidence later.[5]

We must first address whether the trial court improperly raised the sufficiency issue on its own motion or granted relief *sua sponte*. On this record, it did not. Purnell filed a post-verdict motion arguing the grading was improper because the evidence did not support it. Whether or not a post-verdict motion was not the proper sort of motion to raise such a challenge, the prosecutor acknowledged that the motion was before the court and explicitly stated she had "no objection" to the court's addressing it. Later, at sentencing, when the court brought up the open motion, the Commonwealth again failed to object to the court considering it and instead argued against it on the merits. Under

---

[5] The Commonwealth also states the court's memory had faded when it reassessed, noting that when defense counsel stated, "[I]t was about two floor boards," the court stated, "Right." Commonwealth's Br. at 20. This exchange occurred at Purnell's co-defendant's sentencing. It was after the court made the finding that the crimes would be graded as third-degree misdemeanors, and was during counsel's statement before sentencing. N.T., 10/6/20, at 6-7. This does not change the fact that, as discussed below, the Commonwealth failed to present any evidence as to the value of the goods to support third-degree felony convictions.

these circumstances, the prosecutor's statement of "no objection" waived any claim that the court improperly granted relief on an improper procedural vehicle or was improperly acting *sua sponte*. Moreover, the court simply did not raise the issue itself. As the prosecutor conceded below, the defense placed the question before the court. The court thus permissibly entertained the question on its merits.

It also properly granted Purnell relief. A motion for judgment of acquittal challenges the sufficiency of the evidence and should be granted "only in cases in which the Commonwealth has failed to carry its burden regarding that charge." **Commonwealth v. Foster**, 33 A.3d 632, 635 (Pa.Super. 2011) (citation omitted). When reviewing a challenge to the sufficiency of the evidence, we "must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt." **Commonwealth v. Feliciano**, 67 A.3d 19, 23 (Pa.Super. 2013) (*en banc*) (citation omitted). "[O]ur scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." **Commonwealth v. Rushing**, 99 A.3d 416, 420–21 (Pa. 2014). Our standard of review is *de novo*. **Id.**

Purnell challenged the sufficiency of the evidence to support the grading of the offenses. To increase the grading of a theft offense, the Commonwealth must prove the facts essential to establish the heightened grading beyond a

reasonable doubt. *See Commonwealth v. Nellom*, 234 A.3d 695, 704 (Pa.Super. 2020). The following applies to the grading of theft offenses:

> **(a.1) Felony of the third degree.**--Except as provided in subsection (a) or (a.2), theft constitutes a felony of the third degree if the amount involved exceeds $2,000 . . . .
>
> . . .
>
> **(b) Other grades.--**Theft not within subsection (a), (a.1) or (a.2), constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and:
>
>> (1) the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or
>>
>> (2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree.

18 Pa.C.S.A. § 3903(a.1), (b).

Importantly here, if the value "cannot be satisfactorily ascertained," "the amount shall be deemed to be less than $50.00":

> **(c) Valuation.--** . . .
>
> **When the value of property cannot be satisfactorily ascertained pursuant to the standards set forth in paragraphs (1) and (2) of this subsection its value shall be deemed to be an amount less than $50.** Amounts involved in thefts committed pursuant to one scheme or course of conduct, whether from the same person or several persons, may be aggregated in determining the grade of the offense.

18 Pa.C.S.A. § 3903(c)(3) (emphasis added).

Accordingly, to establish a theft conviction graded as a third-degree felony, the Commonwealth had to establish the amount involved exceeded

$2,000. *Id.* If the Commonwealth failed to carry its burden to establish value, or the jury found the amount was less than $50, the conviction was a third-degree misdemeanor. *Id.*

The Commonwealth claims that the evidence – a photo of a van with 27 boxes of flooring and tiles – was sufficient to support a finding that the value of the stolen items was more than $2,000. We cannot agree. The picture was not enough to prove beyond a reasonable doubt that the value of the goods exceeded $2,000. There was no evidence about how much the complainant paid for the flooring and tiles or even any evidence of typical costs for such items. The cost of each box of flooring and tile is not common knowledge such that an inference exists that 27 boxes would be more than $2,000. Further, as there was no evidence of the amount, the value "cannot be satisfactorily ascertained" and the amount therefore is deemed to be less than $50.00.[6] *See Commonwealth v. Goins*, 867 A.2d 526, 529 (Pa.Super. 2004) (downgrading convictions to third-degree misdemeanors where there was no evidence of any valuation of the package and its contents and the only

---

[6] Thompson testified he paid "Pete" a $250.00 deposit. The Commonwealth is not arguing that this testimony would support a finding that Purnell committed first-degree misdemeanors. *See* 18 Pa.C.S.A. § 3903(b) ("Theft not within subsection (a), (a.1) or (a.2), constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and: (1) the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or (2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree").

- 11 -

evidence was that the package contained a DVD duplicating machine, but did not indicate whether it was new or used or discontinued or discounted).

The cases the Commonwealth cites for the proposition that it only needed to provide enough evidence to infer the items were worth more than $2,000 are inapposite. Two of the cases it cites were ones in which witnesses provided sufficient testimony for the jury to determine that the value was at least greater than $50. *See Commonwealth v. Hanes*, 522 A.2d 622, 625-26 (Pa.Super. 1987) (noting evidence supported a market value greater than $2,000 where the Commonwealth presented testimony of oral contract prices for the red oak log board feet and veneer grade wood board feet that had been stolen and testimony that an average load contained 3,000 board feet); *Commonwealth v. Reiss*, 655 A.2d 163, 168 (Pa.Super. 1995) (where testimony valued the computer equipment as many thousands of dollars, it was sufficient to find the value was more than $50, even if the testimony was regarding the retail value not fair market value). In the other case the Commonwealth cites, the court discussed the Commonwealth's burden but did not base its ruling on the value of the property. *Commonwealth v. Garrett*, 222 A.2d 902, 905 (Pa. 1966) (noting the Commonwealth need not remove all doubt to a mathematical certainty, but not addressing the value of the property and finding the Commonwealth did not prove the defendant participated in the robbery).

Moreover, to the extent *Garrett* states the rule that the Commonwealth need not prove value to a mathematical certainty, that rule is not dispositive

here. Here the problem is not that the Commonwealth failed to prove value to a particular degree of certainty. It failed to introduce any evidence of value at all. The trial court did not err in concluding that the Commonwealth did not present sufficient evidence to support the third-degree felony grading and reducing the convictions to third-degree misdemeanors.

Judgment of sentence affirmed.


*Judgment Entered.*



*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *5/19/2022*