J-A08027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :                PENNSYLVANIA
                                            :

            v.                       :

ANTHONY MORRIS               :

         Appellant          :      No. 569 EDA 2023

Appeal from the Judgment of Sentence Entered October 20, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002269-2022

BEFORE: BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:               **FILED JUNE 3, 2024**

Appellant, Anthony Morris, appeals from the judgment of sentence entered October 20, 2022, as made final by the denial of his post-sentence motion on February 28, 2023. We vacate Appellant's conviction for simple assault and affirm Appellant's remaining convictions. Because the trial court did not impose a separate sentence for Appellant's simple assault conviction, we need not remand this matter for resentencing.

The trial court summarized the relevant facts of this case as follows.

> On the afternoon of March 3, 2022, [Appellant] approached the front door of Omnivision Optician in Center City Philadelphia[, Pennsylvania]. The door of the eyeglasses store was locked by a MAV lock.[1] There was also a yellow sign on the door that stated, "open by appointment only."

---

[1] An MAV lock is a keyless locking mechanism which can be disengaged from the interior portion of a premises.

While [Appellant] was standing outside the door, an employee of the store opened the door to inquire if [he] had an appointment. [Appellant] did not respond but instead walked past the employee and straight into the store, forcing the employee to move out of the way. Once [Appellant] was inside the store, John Chong ("Mr. Chong"), the store's optician, approached [Appellant] to ask [him] again if he had an appointment. When [Appellant] did not respond, Mr. Chong asked for [Appellant's] name. [Appellant] did not respond with his name but instead asked for the location of Cartier glasses in the store. Mr. Chong asked [Appellant] to leave the store. [Appellant] ignored Mr. Chong and[,] at some point, located the Cartier glasses display case and began walking towards it. Once there, [Appellant] repeatedly told Mr. Chong to open the case and to give him the Cartier[ glasses], to which Mr. Chong refused. At trial, Mr. Chong estimated the whole case of Cartier glasses to be valued at $30,000[.00]. Mr. Chong noticed that [Appellant's] hand was near his front pants pocket, which gave Mr. Chong the impression that [Appellant] might have a weapon.

At some point during the exchange [between Appellant and Mr. Chong,] the store's optometrist, Doctor Stewart Burg ("Dr. Burg"), opened a keypad-locked door to the lab at the back of the store to allow a co-worker into the room, unaware of the activities happening in the front of the store. The lab was separated from the front and considered a private area not freely open to customers. When [Appellant] saw the open lab door, he moved towards it. Noticing this, Dr. Burg attempted to close the door. [Appellant] reached the door to the lab before Dr. Burg could close it. [Appellant] forced his way into the lab, pushing Dr. Burg into a wall. It was at this time that Mr. Chong pepper sprayed [Appellant]. Unsuccessful, Mr. Chong then used a police-grade metal baton to hit [Appellant] several times. This stopped [Appellant].

Officer Michael Artese ("Officer Artese"), responding to a 911 call, arrived on scene to find [Appellant] laying on the floor in the back of the store with an injury to his head. Officer Artese handcuffed [Appellant] and recovered a four-inch switchblade from [Appellant's] rear pants pocket while conducting a search incident to arrest.

Trial Court Opinion, 5/16/23, at 1-2 (internal citations omitted).

The Commonwealth subsequently charged Appellant with two counts of robbery, two counts of recklessly endangering another person ("REAP"), burglary, criminal trespass, criminal attempt – theft by unlawful taking, criminal attempt – receiving stolen property, simple assault, and criminal mischief.

Appellant's trial was scheduled to occur on August 2, 2022 before the Honorable Shanee Johnson. That day, Appellant's counsel "made an oral motion *in limine* to preclude any evidence about the knife found in [Appellant's] pocket." Trial Court Opinion, 6/30/23, at 2 (emphasis added). As such, the "matter was spun to [the Honorable Jennifer Schultz] to decide [Appellant's] motion." **Id.** After a brief argument, Judge Schultz denied Appellant's motion and "the case was returned to [Judge] Johnson, who presided over [Appellant's] waiver trial." **Id.** Ultimately, Appellant was found guilty of two counts of REAP, criminal trespass, criminal attempt – theft by unlawful taking, and simple assault.

On August 11, 2022, Appellant moved the court to reconsider its guilty verdicts and to either arrest judgment or enter judgments of acquittal. The trial court convened a hearing on Appellant's motion on September 22, 2022. Thereafter, the trial court granted Appellant's motion, in part, and denied it, in part. In particular, the trial court affirmed Appellant's convictions for attempted theft by unlawful taking, criminal trespass and simple assault.[2] The

---

[2] 18 Pa.C.S.A. §§ 901, 3921(a), 3503(a)(1)(ii), and 2701(a), respectively.

trial court vacated Appellant's REAP convictions. On October 20, 2022, the trial court sentenced Appellant to a term of incarceration of time served to 23 months on the attempted theft conviction, followed by three years' probation. No further penalty was imposed for the remaining offenses. Appellant filed a post-sentence motion on October 31, 2022, which was denied by operation of law on February 28, 2023. This timely appeal followed.

Appellant raises the following issues on appeal:

1. Did not the motion *in limine* court err and abuse its discretion in permitting evidence to be introduced at trial of a folding knife found in Appellant's rear pocket after he was arrested?

2. Was not the evidence insufficient to prove beyond a reasonable doubt the crime of attempted theft by unlawful taking in that the evidence failed to prove that Appellant intended or attempted to unlawfully take or exercise unlawful control over moveable property with the intent to deprive another of that property?

3. Assuming, *arguendo*, that the evidence was sufficient to prove attempted theft, was not the evidence insufficient to prove beyond a reasonable doubt the value of the eyeglass frames which were the alleged object of the attempted theft in that the evidence failed to prove whether one or more eyeglass frames were the alleged object of the attempted theft, and failed to prove the valuation of any single item that was the alleged object of the attempted theft?

4. Was not the evidence insufficient to prove beyond a reasonable doubt the crime of simple assault in that the evidence failed to prove that Appellant attempted to cause or intentionally, knowingly, or recklessly caused bodily injury to another?

Appellant's Brief at 5.

In his first issue, Appellant claims that the trial court abused its discretion by permitting the Commonwealth to introduce evidence of the knife found on his person subsequent to his arrest. Appellant avers that, because he did not use, retrieve, or even communicate that he had a knife on his person while at Omnivision Optician, such evidence was irrelevant and, to the extent that it was relevant, was unfairly prejudicial to Appellant.

Our Supreme Court previously explained:

> The admissibility of evidence is a matter for the discretion of the trial court and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Johnson*, 42 A.3d 1017, 1027 (Pa. 2012) (internal citations omitted).

Relevance is the threshold question for admissibility of evidence. *Commonwealth v. Cook*, 952 A.2d 594, 612 (Pa. 2008). "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding a material fact." *Commonwealth v. Drumheller*, 808 A.2d 893, 904 (Pa. 2002) (quotation omitted). We previously determined:

> Trial judges generally enjoy broad discretion regarding the admission of potentially misleading or confusing evidence. Trial judges also have the authority to exclude relevant evidence if

> its probative value is substantially outweighed by the danger of unfair prejudice or confusion. *See* Pa.R.E. 403 ("Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury."). Furthermore, the function of the trial court is to balance the alleged prejudicial effect of the evidence against its probative value, and it is not appropriate for an appellate court to usurp that function.

***Commonwealth v. Parker***, 882 A.2d 488, 492 (Pa. Super. 2005) (citations omitted), *affirmed on other grounds*, 919 A.2d 943 (Pa. 2007).

In general, if a weapon is not utilized during the commission of a crime, evidence of such is disfavored. ***See Commonwealth v. Robinson***, 721 A.2d 344, 351 (Pa. 1998) ("The general rule is that where a weapon cannot be specifically linked to a crime, such weapon is not admissible as evidence."). If, however, "the accused had a weapon or implement suitable to the commission of the crime charged," evidence of the weapon "is always a proper ingredient of the case for the prosecution." ***Id***.

In this instance, Appellant was charged with, *inter alia*, burglary. To sustain such a charge, the Commonwealth needed to prove that Appellant "entered the premises with the intent to commit a crime therein." Trial Court Opinion, 6/30/23, at 4; ***see also*** 18 Pa.C.S.A. § 3502 (explaining that a "person commits the offense of burglary" if he or she enters a building or occupied structure "with the intent to commit a crime therein"). Hence, the fact that Appellant had, on his person, a weapon (the knife), was relevant for purposes of demonstrating Appellant's intent, regardless of whether it was actually deployed. ***See Commonwealth v. Kubis***, 978 A.2d 391, 395 (Pa.

Super. 2009) (holding that the knives recovered from the appellant's vehicle were relevant even though "no knife was physically produced during the robbery"). Moreover, we disagree with Appellant's contention that the probative value of the evidence of the knife was outweighed by the danger of unfair prejudice. First, we note that the trial judge sat as fact-finder in this instance and it is "presumed that a judge [so sitting] is not improperly influenced by evidence which would otherwise be considered prejudicial." ***Commonwealth v. Zimmerman***, 571 A.2d 1062, 1070 (Pa. Super. 1990). Second, it cannot be said that evidence of a knife, never actually deployed, has a tendency to "inflame the [fact-finder] to make a decision based upon something other than the legal propositions relevant to the case." ***Kubis***, 978 A.2d at 395. To the contrary, it is apparent that, as indicated, the trial court considered the evidence and "[gave] it the appropriate weight." N.T. Trial, 8/2/22, at 83. Accordingly, Appellant's first claim of error fails.

In his remaining issues, Appellant challenges the sufficiency of the Commonwealth's evidence to support his convictions for attempted theft by unlawful taking and simple assault. We will address each of Appellant's claims in turn.

Our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[-]finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and

circumstances established by the Commonwealth may not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Lambert*, 795 A.2d 1010, 1014–1015 (Pa. Super. 2002) (internal citations and quotation omitted).

First, Appellant argues that the Commonwealth failed to present sufficient evidence to sustain his conviction for attempted theft by unlawful taking.

Section 901 of the Crimes Code provides, in relevant part, that "[a] person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). In addition, Section 3921 of the Crimes Code provides, in relevant part, that "[a] person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a).

Upon review, we conclude that the evidence presented was sufficient to sustain Appellant's conviction for attempted theft by unlawful taking. Indeed, as explained by the trial court, Appellant entered Omnivision Optician without an appointment, even though there was "a yellow sign on [a] locked door"

which "clearly" indicated that the store was "open by appointment only." Trial Court Opinion, 5/16/23, at 4. While an employee opened the door to Appellant to inquire whether he had an appointment, Appellant "walked straight into the store without responding" and "refused to respond to further inquiries by employees." *Id.* Appellant then demanded access to a display case containing the store's Cartier glasses "in a very aggressive manner." N.T. Trial, 8/2/22, at 12. When Mr. Chong refused to open the case containing the Cartier glasses, Appellant "responded with aggression, saying; open it up. Open it up." *Id.* at 16-17. Then, after Mr. Chong asked Appellant to leave the store, Appellant "actively forced his way into a restricted area," the laboratory. Trial Court Opinion, 5/16/23, at 4. Taken together and viewing all the evidence in the light most favorable to the Commonwealth, the verdict winner, we conclude that the evidence submitted by the Commonwealth was sufficient to sustain a conviction for attempted theft by unlawful taking.

Appellant next challenges the sufficiency of the evidence used to grade the offense of attempted theft by unlawful taking as a third-degree felony. The following applies to the grading of theft offenses:

> **(a.1) Felony of the third degree.**--Except as provided in subsection (a) or (a.2), theft constitutes a felony of the third degree if the amount involved exceeds $2,000[.00], ... or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property.
>
> ***
>
> **(b) Other grades.**--Theft not within subsection (a), (a.1) or (a.2), constitutes a misdemeanor of the first degree, except

that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and:

> (1) the amount involved was $50[.00] or more but less than $200 the offense constitutes a misdemeanor of the second degree; or

> (2) the amount involved was less than $50[.00] the offense constitutes a misdemeanor of the third degree.

18 Pa.C.S.A. § 3903(a.1), (b).

In Pennsylvania, "the burden to establish the value of stolen property is upon the Commonwealth." *Commonwealth v. Hanes*, 522 A.2d 622, 625 (Pa. Super. 1987) (citation omitted). "'Value' for the purpose of gradation of theft offenses must be ascertained with referenced to the applicable provisions of 18 Pa.C.S.A. § 3903(c)." *Id.* Section 3903(c), in relevant part, provides:

> **(c) Valuation**.--The amount involved in a theft shall be ascertained as follows:

> (1) Except as otherwise specified in this section, value means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime.

> ***

> (3) When the value of property cannot be satisfactorily ascertained pursuant to the standards set forth in paragraphs (1) and (2) of this subsection its value shall be deemed to be an amount less than $50.[00.] Amounts involved in thefts committed pursuant to one scheme or course of conduct, whether from the same person or several persons, may be aggregated in determining the grade of the offense.

18 Pa.C.S.A. § 3903(c).

Importantly,

- 10 -

> Market value has been defined as the price which a purchaser, willing but not obligated to buy, would pay an owner, willing but not obligated to sell.
>
> Testimony of the owner or an employee of the owner is admissible to establish the market value of the stolen property.
>
> ***
>
> The Commonwealth is not required to establish the *precise* market value of the stolen property. Rather, the Commonwealth must present evidence from which a reasonable jury may conclude that the market value was *at least* a certain amount.

*Hanes*, 522 A.2d at 625-626 (emphasis in original) (internal citations omitted).

Herein, Mr. Chong testified, at trial, that Omnivision Optician calculated the "whole-sale cost" of the Cartier glasses contained in the case at the store. N.T. Trial, 8/2/22, at 26. More specifically, he stated that the value of the "whole case" was "about $30,000[.00]." *Id*. Appellant, who repeatedly demanded access to a display case that contained multiple pairs of luxury Cartier eyeglasses, did not present any evidence contradicting the aforementioned amount. The trial judge, therefore, could reasonably conclude that the value of the Cartier glasses which Appellant attempted to steal was, at least, $2,000.00. *See Commonwealth v. Borowski*, 2018 WL 1062776 *1, *5 (Pa. Super. 2018) (non-precedential decision) (holding that the "uncontroverted testimony that the value of all the items stolen from [the victim's] house was approximately $15,000[.00]" was sufficient to establish that the appellant stole "a jewelry box containing over $2,000.00 worth of jewelry"). Thus, Appellant's claim fails.

Finally, Appellant argues that the evidence was insufficient to support his conviction of simple assault. Appellant points out that he "was specifically charged with committing simple assault against . . . John Chong." Appellant's Brief at 37; *see also* Information, 3/29/22, at Count 8 (listing John Chong as the victim for the charge of Simple Assault, 18 Pa.C.S.A. § 2701(a)). Because there "was no evidence presented that this complainant suffered bodily injury," and because there was no evidence "that Appellant attempted to cause the complainant bodily injury," Appellant contends that his conviction for simple assault must be vacated. Appellant's Brief at 37. Importantly, the Commonwealth agrees with Appellant's contention. *See* Commonwealth's Brief at 18.

"A person is guilty of [simple] assault if he ... attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1). This Court has previously determined:

> The Commonwealth need not establish the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. This intent may be shown by circumstances, which reasonably suggest that a defendant intended to cause injury.

*Commonwealth v. Wroten*, 257 A.3d 734, 743–744 (Pa. Super. 2021) (internal citations, original brackets, and most quotations omitted).

At trial, there was no evidence presented that Appellant injured or attempted to strike or otherwise harm Mr. Chong. We therefore agree with Appellant (and the Commonwealth) that the evidence was insufficient to

- 12 -

sustain his conviction for simple assault. We therefore vacate this conviction. Because the trial court did not impose a further penalty for Appellant's simple assault conviction, however, we need not remand for resentencing.

Judgment affirmed, in part, and vacated in part.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/3/2024